[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13195

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01775-CV-MHS-1

REDWIN WILCHOMBE,

Plaintiff-Appellant
Cross-Appellee,

versus

TEEVEE TOONS, INC.,
d.b.a. TVT Records,
BME RECORDS, LLC,
JONATHAN SMITH,
a.k.a. Lil Jon,
WENDELL NEAL,
a.k.a. Lil Bo,
SAMMIE NORRIS,
a.k.a. Big Sam,

Defendants-Appellees
Cross-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(January 21, 2009)

Before BIRCH and FAY, Circuit Judges, and HINKLE,[*] District Judge.

BIRCH, Circuit Judge:

This is a copyright infringement case involving rap music. At issue is a song entitled "The Weedman," created by Plaintiff-Appellant Redwin Wilchcombe ("Wilchcombe"), and incorporated on an album entitled "Kings of Crunk" by Defendants-Appellees ("Appellees").[1] The district court dismissed Wilchcombe's claim for breach of fiduciary duty pursuant to Federal Rule of Civil Procedure 12(b)(6) because his amended complaint did not allege a fiduciary or confidential relationship between himself and Appellees. The district court also granted summary judgment to Appellees on Wilchcombe's claim of copyright infringement and violation of the Lanham Act. Wilchcombe now appeals the district court's order dismissing his claim for breach of fiduciary duty and the court's order granting summary judgment on his claim of copyright infringement. Appellees filed a cross-appeal on grounds that the district court should have granted summary judgment on the copyright infringement claim for two additional reasons: (1) the copyright registration was invalid, and (2) Appellees were co-authors and/or

---

[*]Honorable Robert L. Hinkle, Chief Judge, United States District Court for the Northern District of Florida, sitting by designation.

[1]Wilchcombe denominated this composition as "Tha Weedman" on his registration application, although the album lists the song as "The Weedman." The parties agree that Wilchcombe submitted for copyright registration a copy of the song as it appears on the album.

licensees of co-authors of the song. After benefit of oral argument and a thorough review of the record, we AFFIRM the judgment of the district court.

## I. BACKGROUND

Wilchcombe is a freelance musician and producer.[2] In 2000, Rick Taylor ("Taylor") invited Wilchcombe to use a recording studio called Audio Vision Recordings ("Audio Vision"). Taylor acted as Wilchcombe's manager and permitted him to use the studio for free, in exchange for a share of any money received for Wilchcombe's work. In 2001, Taylor suggested that he and Wilchcombe create a production company called "Red Teamwerk." No written agreement was ever signed concerning this company but Wilchcombe has received credit under the "Teamwerk" name on at least one other album. He has also worked on several music engineering projects at Audio Vision with other artists without signed agreements or monetary compensation.

In May 2002, Wilchcombe met Appellees, Jonathan Smith ("Lil Jon"), Wendell Neal ("Lil Bo"), and Sammie Norris ("Big Sam"). Lil Jon is a popular music producer and performer who, along with Lil Bo and Big Sam, comprise a successful hip hop group called Lil Jon & the East Side Boyz ("LJESB"). Lil Jon owns in part a record company called BME Recordings, LLC ("BME"). Since

---

[2]The factual background, as set forth in the district court's order granting summary judgment, is undisputed by Wilchcombe.

3

2001, BME has had a contract with TeeVee Toons, Inc. ("TVT"), the nation's largest independent record label, under which BME must exclusively give TVT all recordings by LJESB. Lil Jon also has had a contract with TVT since 2001, giving TVT exclusive rights to the songs authored and co-authored by Lil Jon.

Wilchcombe became friendly with the LJESB members, who were working in an adjacent studio at Audio Vision on their Kings of Crunk album. Lil Jon came up with the idea for a song about calling a "weedman" after someone suggested they call a supplier of marijuana or "weed." Wilchcombe was present at the time and sang a chorus and melody about calling a weedman. Lil Jon liked it and told Wilchcombe to make a song about it for the album. They discussed details of the song and Lil Jon told Wilchcombe it would be used as an interlude, or segue, between two different sides of the album.

During the composing and recording process, Lil Jon critiqued Wilchcombe's work and made suggestions. Wilchcombe eventually wrote and performed the lyrics for the song. Wilchcombe also wrote the background vocals which Kimberly Dennard sang. Additionally, Wilchcombe gave guitarist Craig Love ("Love") general direction on some guitar tracks for the song, although Love improvised various chords on his own. Love and Wilchcombe did not sign any

4

agreement about the song. Pursuant to its contract with Love, BME owned all of Love's recorded performances for the album.

Wilchcombe performed the finished song live for Lil Jon, who liked it. LJESB completed their work at Audio Vision and a week later instructed Taylor to tell Wilchcombe to finish production of the song so that it could be added to the album. Wilchcombe did so and told Taylor that the song was ready for Lil Jon to do the final mixing before inclusion on the album. After receiving the disk from Taylor, LJESB added some vocal tracks they had composed. Lil Jon supervised the mixing session of the album at Audio Vision, during which Wilchcombe was briefly present. The final album included twenty-one recordings and was commercially released by TVT on 29 October 2002. As of January 2005, the album had sold two million copies. An insert in the CD lists the credits for the album's tracks and states "Produced by Red for Teamwerk" under "The Weedman" song. Wilchcombe is not personally named. "The Weedman" was not released as a single and has never appeared in a music video or been heard on the radio by any of the parties.

Wilchcombe testified in his deposition that he never discussed with anybody a contract or payment for the song prior to the album's release. Lil Jon assumed TVT and BME would get clearance or a license for the song to be used on the

5

album.  Lil Jon further assumed Wilchcombe would be paid for his work.  Wilchcombe has received no monetary compensation for his contributions to the album.

In June 2004, Wilchcombe filed a claim of copyright for the song he called "Tha Weedman" based on the version of the song that appears on the album.  In his registration application, Wilchcombe listed himself as the sole author.  That same month, Wilchcombe initiated this lawsuit against Appellees.  In his amended complaint, he alleged copyright infringement, violation of the Lanham Act, and breach of fiduciary duty.  As one of their affirmative defenses, Appellees asserted they had an oral and/or an implied license to use the song.

Appellees filed a Rule 12(b)(6) motion to dismiss, which the district court granted in June 2006 as to the claim of breach of fiduciary duty.  The court found that Wilchcombe failed to allege in his amended complaint any fiduciary or confidential relationship between himself and Appellees, nor any facts upon which such a relationship could be implied.  Moreover, Wilchcombe did not state any basis for a fiduciary relationship until he filed his opposition to the motion to dismiss, in which he claimed that contracts between Lil Jon and TVT established a fiduciary relationship between Appellees and Wilchcombe.  The court refused to consider these contracts, however, because the amended complaint never

6

mentioned them. Because there was no factual basis to support Wilchcombe's conclusory allegations of a breach of fiduciary duty, the district court dismissed this claim.

Appellees also filed a motion for summary judgment, based in part on grounds that Wilchcombe had granted Appellees an oral and implied nonexclusive license to use the song for the album. In response, Wilchcombe only argued that he had never granted anyone a license to use his work. The district court disagreed. The court found that the parties' conduct established that Wilchcombe gave Appellees an implied nonexclusive license to use the song and that no genuine issue of material fact existed on that issue. Because such a license created an affirmative defense to a claim of copyright infringement, the district court granted summary judgment on that claim.

The district court noted that Appellees had raised two other grounds for summary judgment on the claim of copyright infringement – that Wilchcombe's copyright registration was invalid and that Appellees were co-authors, or licensees of co-authors, of the song. The court found there were genuine issues of material fact regarding these two arguments, but concluded that summary judgment remained appropriate based on the implied nonexclusive license. The district court

7

also granted summary judgment on Wilchcombe's claim of a Lanham Act violation, which Wilchcombe does not appeal here.

Wilchcombe then filed a motion for reconsideration to set aside the grant of summary judgment or alter it so that his copyright infringement claim survived. Wilchcombe raised two new arguments in his motion for reconsideration. First, Wilchcombe argued that he had revoked the implied license when his attorney sent a letter to TVT 72 days after the album was released claiming copyright infringement. Second, Wilchcombe contended that even if Lil Jon had been granted an implied license, TVT had never been granted one. The district court rejected both arguments because they were "new arguments that plaintiff could and should have been made before the Court issued its judgment, and plaintiff has given no explanation as to why he failed to raise these arguments earlier." R9-234 at 6.

On appeal, Wilchcombe raises the same arguments he raised for the first time in his motion for reconsideration – that the implied license was revoked by his attorney's cease-and-desist letter and that TVT was never granted an implied license. Based on these arguments, Wilchcombe argues the district court erred in granting summary judgment on his claim of copyright infringement. In addition, Wilchcombe contends the district court erred in dismissing his claim of breach of

8

fiduciary duty. Wilchcombe's argument is predicated on the same contracts between Lil Jon and TVT which the district court refused to consider because they were not initially advanced in the amended complaint.

## II. DISCUSSION

### A. Copyright Infringement Claim

We review the district court's grant of summary judgment de novo. See Korman v. HBC Fla., Inc., 182 F.3d 1291, 1293 (11th Cir. 1999). We view all evidence and factual inferences in the light most favorable to Wilchcombe, the non-moving party. See id. There must be no genuine issue of material fact in order for the moving party to receive judgment as a matter of law. See id.

A nonexclusive license to use copyrighted material may be granted orally or implied from conduct. See id.; Jacob Maxwell, Inc. v. Veeck, 110 F.3d 749, 752 (11th Cir. 1997). Because there is no transfer of ownership, as with an exclusive license, a nonexclusive license need not be in writing. See Korman, 182 F.3d 1293-94; Jacob Maxwell, 110 F.3d at 752. An implied nonexclusive license is created when one party creates a work at another party's request and hands it over, intending that the other party copy and distribute it. See Jacob Maxwell, 110 F.3d at 752 (nonexclusive license created when songwriter created song at baseball team's request and handed a master tape over, intending that the baseball team play

9

the song at its games).  In determining whether an implied license exists, a court should look at objective factors evincing the party's intent, including deposition testimony and whether the copyrighted material was delivered "without warning that its further use would constitute copyright infringement."  I.A.E., Inc. v. Shaver, 74 F.3d 768, 776 (7th Cir. 1996).  A copyright owner waives his right to sue for copyright infringement while the nonexclusive license is in effect.  See Jacob Maxwell, 110 F.3d at 753.

The district court correctly found that the parties' conduct created an implied license.  Wilchcombe does not dispute that he created the song for the album at Lil Jon's request and that he instructed Taylor to send it to Lil Jon for final mixing and inclusion on the album.  Wilchcombe testified in his deposition that he understood Lil Jon would use the song on the album.  In addition, Wilchcombe does not dispute that when he handed over the song, he never discussed with Taylor or any of the Appellees that using the song would constitute copyright infringement.  Finally, Wilchcombe does not contest the district court's factual findings that TVT has contracts with both Lil Jon and BME, which give TVT exclusive ownership rights to all songs authored or co-authored by Lil Jon and LJESB.  Accordingly, the record supports the district court's conclusion that there is no genuine issue of

10

material fact that Wilchcombe granted an implied nonexclusive license to the Appellees to use "The Weedman" song on the album.

On appeal, Wilchcombe does not challenge the district court's conclusion that he granted an implied nonexclusive license to Lil Jon and BME. Rather, he argues that he revoked the license when his attorney sent a cease-and-desist letter 72 days after the album was released, and that all continued use of the song thereafter was deliberate copyright infringement. Wilchcombe contends the implied license was revocable because he received no consideration for his work on the song. In addition, Wilchcombe submits that there is a material issue of fact as to whether TVT had an implied license because TVT (as opposed to Lil Jon) never requested creation of the song, Wilchcombe never delivered the song to TVT (as opposed to Lil Jon), and Wilchcombe never intended that TVT copy and distribute the song.

Appellees respond that these arguments were properly rejected by the district court because they were raised for the first time in Wilchcombe's motion for reconsideration. In any event, Appellees claim they are without merit. With respect to the claim of revocation, Appellees contend that Wilchcombe never conditioned the use of his song on any monetary payment. Additionally, Appellees submit that Wilchcombe received compensation in the form of credit on the album

11

as the sole producer. Appellees note that it is common practice in the music industry for an artist getting a big break into production to receive only credit for his work. Furthermore, Appellees point out that Wilchcombe's cease-and-desist letter referred to Wilchcombe as a co-author and said nothing about revocation or termination of an implied license. As for the issue involving TVT, Appellees argue that Lil Jon expressly assigned all his copyright interests to TVT, Wilchcombe turned over the song so that Lil Jon could put it on the album, and Wilchcombe knew the album would be widely distributed.

Wilchcombe's arguments are replicated from his motion for reconsideration. A motion for reconsideration cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). This prohibition includes new arguments that were "previously available, but not pressed." Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam) (motion to alter judgment properly denied where plaintiffs waited until after case was dismissed to raise argument that Virginia law applied, rather than Florida law). A district court has sound discretion whether to alter or amend a judgment pursuant to a motion for reconsideration, and its decision will only be reversed if it abused that discretion. See O'Neal v. Kennamer, 958 F.2d 1044,

1047 (11th Cir. 1992). Denial of a motion to amend is "especially soundly exercised" when a party gives no reason for not previously raising an issue. Id. (quotation marks and citation omitted).

Although Appellees raised the defense of an implied license in answering the amended complaint, Wilchcombe never argued until his motion for reconsideration that such a license had been revoked. The sole basis for his claim of revocation is his attorney's cease-and-desist letter. Consequently, both the factual and legal basis for his revocation claim were known to Wilchcombe at the time he responded to Appellees's motion for summary judgment. Rather than arguing that this letter constituted revocation of the implied license, Wilchcombe argued in his response that the letter should not be used against him by the Appellees because the letter specifically stated it was only to be used for settlement purposes. Wilchcombe then did an about-face when he used the letter in his motion for reconsideration as evidence of revocation. Wilchcombe gave no reason in his motion for reconsideration, nor does he now, why he failed to raise this new legal theory before judgment was rendered. Accordingly, it was well within the district court's sound discretion to deny the motion for reconsideration on Wilchcombe's claim that he revoked the implied license. See O'Neal, 958 F.2d at

13

1047 (motion to amend judgment properly denied because "[n]owhere, until after judgment, did intervenors even whisper that ERISA might govern this case").

The same principle governs Wilchcombe's argument that an issue of genuine material fact exists as to whether TVT was granted an implied license. Wilchcombe responded to Appellees's claim of an implied license with one sentence that expressly denied the grant of an oral or implied license and referenced paragraph 14 of Wilchcombe's affidavit. In Paragraph 14, Wilchcombe states, "I did not grant to any of the defendants in this action any written or oral, direct, indirect or implied, unconditional license to copy, use, distribute or sell my work entitled 'Tha Weedman.'" R7-212 at 6. In his response opposing the motion for summary judgment, Wilchcombe never argued, as he does now, that TVT did not have an implied license because it never requested creation of the song, Wilchcombe never delivered the song to TVT, and Wilchcombe never intended that TVT copy and distribute the song. These arguments could and should have been presented to the district court for consideration prior to his decision on the summary judgment motion. The district court properly rejected these arguments for this reason, and we likewise refuse to give Wilchcombe a "second bite at the apple." O'Neal, 958 F.2d at 1047.

B.  Breach of Fiduciary Duty Claim

Wilchcombe next asserts that the district court improperly dismissed his claim of breach of fiduciary duty. Assuming Lil Jon and TVT are co-authors of "The Weedman," Wilchcombe argues that TVT has a fiduciary duty to account to Wilchcombe for all profits. Wilchcombe's sole basis for this fiduciary duty is TVT's contract with Lil Jon which gives TVT ownership rights to all of Lil Jon's interests in copyrighted songs. Appellees argue that the district court correctly dismissed the claim because the contracts were not mentioned in the amended complaint and there was no other factual basis alleged for a fiduciary or confidential relationship. Appellees also point out that Wilchcombe takes inconsistent positions as to whether he is the sole author of "The Weedman," arguing that he is the sole author for purposes of his copyright infringement claim but that he is a co-author for purposes of his breach of fiduciary claim.

We review de novo a claim dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. See Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). In keeping with the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint give only a "short and plain statement of the claim," a complaint need not provide detailed factual allegations. See Bell Atl. Corp. v. Twombly, 550 U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007). Nonetheless, a complaint "requires more than labels

15

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at ___, 127 S. Ct. at 1965. A plaintiff must provide enough factual allegations, which are assumed to be true, "to raise a right to relief above the speculative level." Id. at ___, 127 S. Ct. at 1965; see also Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1263 (11th Cir. 2004) (plaintiffs must allege specific factual bases for their legal conclusions to avoid dismissal of their claims). Moreover, the facts supporting the claim must be "consistent with the allegations in the complaint." Twombly, 550 U.S. at ___, 127 S. Ct. at 1969.

A plaintiff must prove three elements to establish a claim for breach of fiduciary duty: "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." SunTrust Bank v. Merritt, 612 S.E.2d 818, 822 (Ga. Ct. App. 2005). A fiduciary relationship arises only "where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc." Newitt v. First Union Nat'l Bank, 607 S.E.2d 188, 196 (Ga. Ct. App. 2004) (quoting OCGA § 23-2-58). Business relationships are not ordinarily confidential relationships. See Williams v. Dresser Indus., Inc. 120 F.3d 1163, 1168 (11th Cir. 1997). The fact that parties are friends or prior business

16

associates, or have trust and confidence in each other's integrity, does not automatically establish a confidential relationship. See id. Examples of a confidential relationship in business include parties with "a history of business dealings with each other" or a "relationship that is not arms-length, such as a partnership or principal and agent." Id. A confidential relationship must be shown by proof and that burden of proof rests on the party claiming such a relationship exists. See Jerry Dickerson Presents, Inc. v. Concert/Southern Chastain Promotions, 579 S.E.2d 761, 770 (Ga. Ct. App. 2003).

Wilchcombe did not provide any factual basis in his amended complaint establishing that TVT owes him a fiduciary duty. With respect to this claim, Wilchcombe's complaint only states the following:

> This is also an action under the law of the State of Georgia for the intentional breach of fiduciary duties by the defendants as a result of the defendants willfully failing and refusing to account to plaintiff for plaintiff's share of profits from the sale and other commercial exploitation of plaintiff's song, musical composition and sound recording by the defendants.

R7-170 at 2. This conclusory allegation does not state that a fiduciary or confidential relationship existed between Wilchcombe and TVT, or any other Appellee, nor provide any factual basis for inferring one. Nor may Wilchcombe rely on any contracts between TVT and Lil Jon to establish the existence of a fiduciary relationship. Wilchcombe did not mention these contracts in his

17

amended complaint and he first referred to them in his response to the motion to dismiss. A court's review on a motion to dismiss is "limited to the four corners of the complaint." St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002). A court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims. See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam). Because Wilchcombe did not reference these contracts in his amended complaint or attach them thereto, the district court properly refused to consider such contracts in ruling on the motion to dismiss. See id. at 1368 ("[A]nalysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto.").

Moreover, the factual allegations in Wilchcombe's amended complaint do not support a finding of a fiduciary or confidential relationship. Even if co-authors owe a fiduciary duty to one another to account for profits, any such duty stems from a relationship as co-authors of the work. See Erickson v. Trinity Theatre, Inc., 13 F.3d 1061, 1068 (7th Cir. 1994) ("Each author as co-owner has the right to use or to license the use of the work, subject to an accounting to the other co-owners for any profits."). In his amended complaint, Wilchcombe did not argue that a fiduciary relationship existed based on his status as a co-author of the song with any of the Appellees. To the contrary, Wilchcombe alleged that he "wrote,

18

composed, created, sang, performed, produced and arranged plaintiff's song, musical composition and sound recording," and that LJESB's background ad-libs were added without his knowledge or consent. R7-170 at 7, 9. Wilchcombe also attached to his amended complaint a copy of his certificate for copyright registration[3] listing himself as the sole author of "Tha Weedman." The inference from these factual allegations, assuming them to be true, is that Wilchcombe is the sole author of the song. As such, there would be no basis for a fiduciary duty by Appellees to account for profits. To infer otherwise would be inconsistent with the factual allegations of Wilchcombe's complaint.

"Our duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (quotation marks, alterations, and citation omitted). We can draw no inferences consistent with the facts stated in the amended complaint to support the existence of a fiduciary duty, which is a material element of Wilchcombe's claim. See id. ("'[A]t a minimum, notice pleading requires that a complaint contain inferential allegations from which we

---

[3]The certificate of registration of a claim of copyright is the application affixed with the seal of the United States Copyright Office and an identification number. The application requires the applicant to sign an oath certifying that he is either the author, other copyright claimant, owner of exclusive right(s), or authorized agent "of the work identified in the application and that the statements made by me in the application are correct to the best of my knowledge." R7-170, Exh. A at 2.

19

can identify each of the *material* elements necessary to sustain a recovery under some viable legal theory.'") (emphasis in original). The absence of such factual allegations to support Wilchcombe's legal conclusions is fatal and the district court properly dismissed his claim for breach of a fiduciary duty on this basis.

C. Appellees's Cross-Claims

Appellees raise two issues on cross-appeal, both of which deal with Wilchcombe's claim of copyright infringement. Although Appellees agree that the district court properly granted summary judgment on this claim based on the existence of an implied nonexclusive license, Appellees contend that summary judgment was warranted on the copyright infringement claim for two additional reasons. First, Appellees argue that Wilchcombe's copyright registration was invalid because the song he filed with his copyright application was taken from the Kings of Crunk album, which included ad-libs composed solely by LJESB. Second, Appellees submit that because they were co-authors and/or licensees of co-authors of the song, they could not infringe the copyright of another co-author as a matter of law. The district court found that material issues of fact existed with respect to both of these issues and denied summary judgment on these grounds.

We may uphold a grant of summary judgment "on any basis supported by the record." Burton v. Tampa Hous. Auth., 271 F.3d 1274, 1277 (11th Cir. 2001).

20

We have already determined that the district court correctly granted summary judgment on Wilchcombe's claim of copyright infringement based on the existence of an implied nonexclusive license. Since the copyright infringement claim was properly dismissed on this ground, we need not determine whether summary judgment was also warranted on this claim for the additional reasons raised by Appellees.

### III. CONCLUSION

Wilchcombe appeals the district court's dismissal of his claims of copyright infringement and breach of fiduciary duty. We conclude that summary judgment was warranted on the claim of copyright infringement because there was no genuine issue of material fact that Wilchcombe granted an implied nonexclusive license to the Appellees, which is an affirmative defense to a copyright infringement claim. Wilchcombe may not challenge the district court's grant of summary judgment based on arguments raised for the first time in his motion for reconsideration. We further conclude that the district court properly dismissed Wilchcombe's claim of breach of fiduciary duty pursuant to Rule 12(b)(6) because Wilchcombe's amended complaint failed to allege a fiduciary relationship and thus failed to state a claim for relief. Accordingly, the judgment of the district court is AFFIRMED.

21

HINKLE, District Judge, concurring:

I concur with the court's opinion in all respects. I write separately to note the reason for the opinion's failure to address a different claim. The reason is that Mr. Wilchcombe has not asserted the claim.

Mr. Wilchcombe was the author, or at least the principal co-author, of the work at issue, *Tha Weedman*. But the appellees clearly had legal authority to incorporate the work into their *Kings of Crunk* album. This is so on one of two grounds. First, one or more of the appellees may have been co-authors. Co-authors may use a work without a separate grant of permission. Or second, if Mr. Wilchcombe was the sole author, he plainly granted the appellees an implied license to incorporate *Tha Weedman* into the *Kings of Crunk* album. Either way, the appellees did not breach a fiduciary duty to Mr. Wilchcombe, and they did not infringe a copyright.

As the court's opinion correctly concludes, Mr. Wilchcombe's claims for breach of fiduciary duty and copyright infringement are unfounded. The district court's judgment for the appellees must be affirmed.

The wrinkle is this. A co-author ordinarily is entitled to a share of profits from another co-author's use of a work. Had Mr. Wilchcombe asserted such a claim, it could not properly have been dismissed at the pleading stage. A co-author

22

of course can give up the right to a share of profits—and perhaps in due course it would have been held that Mr. Wilchcombe gave up any right to payment. As it turns out, this does not matter, because Mr. Wilchcombe did not assert a claim for a co-author's share of profits.

Similarly, one who grants an implied license may—or may not—be entitled to a royalty, depending on the terms of the implied license. Had Mr. Wilchcombe asserted a claim for a royalty under an implied license, the claim could not properly have been rejected on summary judgment. This is so because, on this record, there is a genuine factual dispute over whether any implied license was *with* or *without* compensation. Again, however, this does not matter, because Mr. Wilchcombe did not assert such a claim.

As the court's opinion correctly notes, we cannot properly rewrite Mr. Wilchcombe's complaint. Nor should we reverse the district court's judgment on grounds not raised in the district court or, for that matter, in this court. I thus join the court's opinion.