**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3609
_____

KEITH DUNKLEY,
                                        Appellant
v.

MELLON INVESTOR SERVICES;
VOLT MANAGEMENT CORP


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-03501)
District Judge:  Honorable Joseph A. Greenaway, Jr.
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
April 19, 2010
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges

(Opinion filed: May 4, 2010)


_____

OPINION
_____

PER CURIAM.

        Keith Dunkley, proceeding pro se, appeals two District Court orders which

denied his motions to vacate an arbitration award under the Federal Arbitration Act

1

("FAA") and his subsequent motions to reconsider. He has also filed a motion for appointment of counsel. For the reasons that follow, we will affirm the orders of the District Court and deny Dunkley's motion for appointment of counsel.

## I.

In 2004, Dunkley was employed by Volt Management, a staffing agency providing clients with temporary workers. As a condition of his employment at Volt, Dunkley signed an employment agreement which contained a binding arbitration clause. In November 2004, Dunkley was assigned to work at Mellon Investment Services in New Jersey, and he worked there for several months.

In 2005, Dunkley sent an e-mail to a coworker, complaining that a third male coworker had left a piece of candy on Dunkley's desk as a sexual overture, which Dunkley stated was unwelcome. The next day, Mellon terminated Dunkley's work assignment, alleging "e-mail abuse," without specifying what constituted the abuse. Volt then terminated Dunkley's employment.

Following his termination, Dunkley filed a discrimination charge with the EEOC. In June 2006, the EEOC dismissed Dunkley's complaint and issued a right-to-sue letter. Dunkley then filed a complaint in the District Court. In response, the Defendants filed joint motions to dismiss the complaint and/or compel Dunkley to submit to binding arbitration, as required by his contract with Volt. The District Court granted the motion to compel arbitration.

Dunkley then filed two separate demands for arbitration with the American Arbitration Association ("AAA"), alleging wrongful termination, discrimination, sexual advance, and defamation. The AAA selected Stephen Ruffino to serve as Arbitrator. Dunkley filed several objections based on Ruffino's disclosure statement, which showed that one of Ruffino's former law partners had once worked in an unrelated capacity for Bank of New York, which later merged with Mellon. Because this disclosure established no actual or apparent conflict of interest, the AAA confirmed Ruffino's appointment.

In March 2008, the Arbitrator convened a hearing in which the parties were permitted to call witnesses and submit evidence. After considering the merits of Dunkley's claims, the Arbitrator found Dunkley to be credible, but reasoned that he had failed to show either a violation of Title VII or that he had been defamed. The Arbitrator billed all costs associated with the hearing to Mellon and Volt, and ordered them to each pay Dunkley $75 to compensate him for his filing fees.

Following the Arbitrator's award decision, Dunkley filed in the District Court two documents that were styled as "motions to reopen," but which essentially asked the District Court to vacate the Arbitrator's decision and consider his claims on the merits. (Dist. Ct. Doc. Nos. 24 & 28). In response, the Defendants filed a motion asking the District Court to confirm the arbitration award. In one order, the District Court denied both of Dunkley's motions and granted the request to confirm the arbitration award. (Doc. No. 33). Dunkley then filed a timely motion to reconsider, followed by a

3

supplemental motion to reconsider.  (Doc. Nos. 36 & 38).  The District Court denied both motions.  (Doc. No. 42).  Dunkley filed a timely notice of appeal.

**II.**

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review questions of law that support the confirmation of an arbitration award de novo, but will accept the District Court's findings of fact unless they are clearly erroneous.  See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 947-48 (1995).  We review the denial of Dunkley's motions to reconsider for abuse of discretion.  See Caver v. Trenton, 420 F.3d 243, 258 (3d Cir. 2005).

We agree with the District Court that Dunkley failed to demonstrate that the Arbitrator's award should be vacated.  Under the FAA, 9 U.S.C. § 10:

> (a) [A district court] may make an order vacating the award upon the application of any party to the arbitration - -
> > (1) where the award was produced by corruption, fraud, or undue means;
> > (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> > (3) where the arbitrators were guilty of misconduct in . . . refusing to hear evidence pertinent and material to the controversy . . . ; or
> > (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

However, the party seeking to overturn an award bears a heavy burden, as these are "exceedingly narrow circumstances," Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003), and courts accord arbitration decisions exceptional deference.  See id.  In his two

4

"motions to reopen," Dunkley argued that the Arbitrator was biased in favor of the Defendants, and generally expressed disagreement with the Arbitrator's reasoning. The District Court reasoned that, under the FAA's narrow, deferential standard, the Arbitrator's past tenuous relationship to Bank of New York was insufficient to satisfy Dunkley's burden of demonstrating "evident partiality or corruption" on the part of the Arbitrator. We agree. The District Court properly determined that Dunkley's mere disagreement with the Arbitrator's reasoning did not provide a basis to disturb the award. See United Transp. Union Local 1589 v. Suburban Transit Corp., 51 F.3d 376, 379 (3d Cir. 1995) ("A court may not overrule an arbitrator simply because it disagrees with the arbitrator's" resolution of a claim) (quoting News America Publ'ns, Inc. v. Newark Typographical Union, Local 103, 918 F.2d 21, 24 (3d Cir. 1990)).

Next, we turn to Dunkley's motions for reconsideration. To prevail on a motion for reconsideration, a litigant must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)). In his motions to reconsider, which contained

5

virtually identical arguments, Dunkley further explained his reasons for opposing the Arbitrator's decision. Citing the above-quoted provisions of 9 U.S.C. § 10(a), Dunkley asserted that the Arbitrator (1) demonstrated bias in accepting as true the testimony of Mellon's witness, and (2) acted in excess of his power and committed misconduct by refusing to allow Dunkley's witness to testify. We agree with the District Court that Dunkley failed to present new evidence or demonstrate that the District Court overlooked relevant facts or law. The arguments in Dunkley's motions to reconsider either were already raised and addressed when the District Court considered his request to vacate the arbitration award, or could have been raised in those filings.

Accordingly, we will affirm the orders of the District Court. Dunkley's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

6