Craig **GELBARD**, Plaintiff,

v.

**CITY OF MIAMI, FLORIDA; and Jeffrey Locke, City of Miami Police Office, Individually, Defendants.**

Case No. 11–22876–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Feb. 28, 2012.

Curt David Obront, Curt Obront, Esq., P.A., Miami, FL, for Plaintiff.

Christopher Allan Green, Miami City Attorney's Office, Miami, FL, Oscar Edmund Marrero, Teri Guttman Valdes, Coral Gables, FL, for Defendants.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS IV AND VI OF THE COMPLAINT

JOSE E. MARTINEZ, District Judge.

THIS CAUSE came before the Court upon the City of Miami's Motion to Dismiss Counts IV and VI of the Complaint (**D.E. No. 5**). The Court has carefully considered the motion and the arguments that Plaintiff's opposition presents. For the reasons stated below, this Court grants Defendant's Motion to Dismiss Counts IV and VI of Plaintiff's Complaint.

### I. Factual Background

Craig Gelbard ("Plaintiff") brought this action in state court against Jeffrey Locke and the City of Miami ("Defendant") relating to his arrest for driving under the influence, which he alleges violated numerous state and federal laws. (D.E. No. 1–1). The Complaint states only that Plaintiff was arrested by Jeffrey Locke without

probable cause and that the arrest was later *nolle prossed* on August 30, 2010. (D.E. No. 1–1). Defendants removed this action to federal court based on Count VI of Plaintiff's Complaint, which arises under 42 U.S.C. § 1983. (D.E. No. 1).

Defendant moved to dismiss Counts IV and VI of Plaintiff's Complaint arguing that Count IV is barred by sovereign immunity and Count VI fails to state a claim under 42 U.S.C. § 1983.

## II. Motion to Dismiss Standard

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, when accepted as true, that "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). For purposes of deciding a motion to dismiss, a court's review is limited to the four corners of the complaint and any documents referred to therein that are central to the claims at issue. *Wilchombe v. TeeVee Toons, Inc.,* 555 F.3d 949, 959 (11th Cir.2009); *see also Griffin Industries, Inc. v. Irvin,* 496 F.3d 1189, 1199 (11th Cir.2007). "The court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged ... in the complaint as true." *Sinaltrainal v. Coca–Cola Co.,* 578 F.3d 1252, 1260 (11th Cir.2009). Accordingly, the court must take all of the factual allegations in the complaint as true, but is not bound "to accept as true a legal conclusion couched as a factual." *Ashcroft,* 556 U.S. at 678, 129 S.Ct. 1937 (2009).

## III. Count IV: Negligent Failure to Train and Supervise

█ Count IV of Plaintiff's Complaint is a state law claim against the City of Miami which asserts that the City was negligent in failing to train and supervise its police force. "The Florida Supreme Court has held that governmental liability does not exist when the challenged act of the government or its agent is "discretionary" in nature." *Lewis v. City of St. Petersburg,* 260 F.3d 1260, 1264 (11th Cir.2001); *see also Kaisner v. Kolb,* 543 So.2d 732, 736 (Fla.1989). An act is deemed to be "discretionary" when all of the following conditions have been met:

> (1) the action involves a basic governmental policy, program, or objective; (2) the action is essential to the realization or accomplishment of that policy, program, or objective; (3) the action require[s] the exercise of basic policy evaluation[s], judgment[s], and expertise on the part of the governmental agency involved; and (4) the governmental agency involved possess[es] the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision.

*Lewis,* 260 F.3d at 1264; *see also Kaisner,* 543 So.2d at 737. The situation at issue is analogous to the plaintiff's claim in *Lewis v. St. Petersburg,* in which the plaintiff alleged that the City breached its duty by "failing to properly train its officers in how to handle a crisis management situation and failing to train its officers regarding the proper use of force in a crisis management situation." *Lewis,* 260 F.3d at 1265. The *Lewis* Court analyzed the validity of the claim under a two prong analysis. *Id.* The first prong analyzes whether the plaintiff alleged sufficient facts under which the City, if a private entity, would be liable in accordance with the general laws of Florida. *Id.* Pursuant to *Lewis,* if the plaintiff meets the first prong, then the court must analyze whether the "discretionary" function exception to Florida's waiver of sovereign immunity nonetheless bars tort liability on the claim. *Id.; see also* Fla. Stat. § 768.28(1). This Court finds that Plaintiff's claim fails to meet either prong of the aforementioned test.

■ Plaintiff's Complaint fails to allege any specific training or subject matter that Defendant failed to provide to its police force. Instead of alleging specific facts, the Complaint alleges legal conclusions that are couched as factual. The only factual information that can be gleaned from Plaintiff's allegation of negligent failure to train and supervise is that Plaintiff was arrested by a police officer named Jeffrey Locke, and suffered damages consisting of mental pain and suffering as a result of the arrest. (D.E. No. 1–1 at ¶¶ 37–38). Accordingly, Plaintiff has not pled sufficient facts under which Defendant, if a private entity, would be liable.

■ Under the test, a subsequent analysis of whether Plaintiff's claim is barred by sovereign immunity is unnecessary, however, this Court finds that in the event Plaintiff were able to allege specific facts, this claim would still be barred under the second prong. Plaintiff's allegation of negligent failure to train and supervise fails the second prong of analysis because the activity complained of is a discretionary function and, therefore, Defendant is immune from liability. "A city's decision regarding how to train its officers and what subject matter to include in the training is clearly an exercise of governmental discretion regarding fundamental questions of policy and planning." *Lewis*, 260 F.3d at 1266. "Because Plaintiff challenges the reasonableness of basic policy decisions made by the City, the 'discretionary' function exception to the waiver of sovereign immunity applies and her claim is barred." *Id.* at 1266. As such, Defendant's decisions involving the training of its police force are considered a discretionary function. Therefore, this claim is barred by sovereign immunity and must be dismissed with prejudice.

## IV. Count VI: False Arrest in Violation of 42 U.S.C. Sections 1983 and 1988

■ Count VI of Plaintiff's Complaint alleges a violation of civil rights under 42 U.S.C. § 1983. The Eleventh Circuit held that to state a successful § 1983 claim the plaintiff has the burden of pleading that a "custom or practice is so well-settled and pervasive that it assumes the force of law." *Denno v. School Bd. of Volusia County, Fla.*, 218 F.3d 1267, 1277 (11th Cir.2000). "Put another way, [plaintiff] must show a 'persistent and widespread practice.'" *Id.* Additionally, "for plaintiffs to state a successful § 1983 claim against a municipality based on a ratification theory ... they must demonstrate that local government policymakers had an opportunity to review the subordinate's decision and agreed with both the decision and the decision's basis." *Garvie v. City of Ft. Walton Beach*, 366 F.3d 1186, 1186 (11th Cir.2004); *see also Thomas v. Roberts*, 261 F.3d 1160, 1175 n. 12 (11th Cir.2001), *vacated on other grounds by*, 536 U.S. 953, 122 S.Ct. 2653, 153 L.Ed.2d 829 (2002), *reinstated by*, 323 F.3d 950 (11th Cir.2003). In this matter, Count VI of the Complaint states that Plaintiff's "arrest was made pursuant to a pattern and practice of misconduct by the City of Miami police officers ... ratified through positive action or passivity by the highest decision makers in the city government, including the Chief of Police." (D.E. No. 1, ¶ 45).

■ The only facts alleged within the Complaint pertain to Plaintiff's arrest. Plaintiff's Complaint fails to allege a specific policy and therefore fails to meet the requirement of alleging a "custom or practice ... so well-settled and pervasive that it assumes the force of law." *Denno*, 218 F.3d at 1277. Furthermore, Plaintiff's Complaint also fails to allege that the City policy maker is aware of misconduct and

has either ratified such conduct or failed to act as required under *Garvie*. *Garvie*, 366 F.3d at 1186 (holding that a plaintiff must demonstrate that local government policymakers had an opportunity to review the subordinate's decision and agreed with both the decision and the decision's basis). Accordingly, Plaintiff's § 1983 claim fails because he has not alleged any facts capable of supporting the City's actions or lack thereof were part of a wide spread policy instead of an isolated event. After careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. Defendant's Motion to Dismiss Count IV and VI of Plaintiff's Complaint (**D.E. No. 5**) is **GRANTED.** Count IV, asserting negligence against the City of Miami for failing to train and supervise its police force, fails to state a claim for which relief may be granted and is, therefore, **DISMISSED with prejudice.**

2. Count VI of Plaintiff's Complaint, alleging a violation of 42 U.S.C. § 1983, fails to assert facts in support of a wide spread policy or that policymakers were aware of the alleged misconduct but ratified such conduct or failed to act and is, accordingly, **DISMISSED without prejudice.**

3. Defendant must file an answer to the remaining counts of Plaintiff's Complaint on or before *March 9, 2012.*