[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13283
Non-Argument Calendar

_____

D.C. Docket No. 5:12-cv-00178-RS-EMT


AL JEFFERSON DAVIS,
BRITTANY DAVIS,

Plaintiffs - Appellants,

versus

HABITAT FOR HUMANITY OF BAY COUNTY, INC.,

Defendant - Appellee.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(February 28, 2014)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellants Al and Brittany Davis (the Davises) appeal the district court's

order granting summary judgment in favor of the appellee, Habitat for Humanity

(Habitat), and the district court's denial of their motion for a new trial or rehearing. After consideration of the parties' briefs and the record on appeal, we affirm.

## I.    Facts

Habitat for Humanity is a non-profit organization that builds simple and affordable housing for low-income families.  Applicants are considered if their present housing is inadequate and they are unable to obtain adequate housing through conventional means.  From the pool of applicants, Habitat selects "partner families" to become homeowners.  Completed homes are sold to partner families at cost and financed with zero-interest loans.

Al and Brittany Davis are siblings.  Al is an able-bodied 38-year-old and Brittany Davis is a 35-year-old hemiplegic, who, as a result of a car accident, is confined to a wheelchair and requires 24-hour care that is provided by either her family or a caregiver.

In September 2004, the Davises filed a joint application for a Habitat home. Prior to construction, a representative from Habitat met with the Davises and their mother to discuss Brittany's needs.  The Davises also met with a rehabilitation engineer to discuss how to make the home most accessible to Brittany.

Foundation for the home was poured in 2006.  By August 2007, substantial work had been done on the home but the Davises were not happy with the construction.  The Davises' attorney sent a letter to Habitat, pointing out all the

2

problems with the home. In October 2007 the home was substantially complete, and the Davises conducted a walk-through to identify items that needed repairs. Habitat provided the Davises with a "punch list" that would allow the Davises to record any issues they had with the home. The Davises never completed or returned the punch list to Habitat. In the following months, there appears to have been a breakdown in communication between the parties and discussions became adversarial and heated.

A Certificate of Occupancy was issued for the house in May 2008. The Davises and Habitat, however, were never able to come to an agreement that the Davises would purchase the home. Habitat offered to build another home for the Davises but the offer was declined because the alternative locations were not suitable for Brittany. The original home was eventually purchased by a different partner family.

On June 17, 2011, the Davises filed their initial complaint in state court alleging discrimination pursuant to the Fair Housing Act (FHA), 42 U.S.C. §§ 3601–3604. Habitat removed the case to federal court and moved for summary judgment. The district court granted its motion. The Davises filed a motion for a new trial or rehearing. The district court denied their motion. This appeal follows.

II.    Discussion

A.  Summary Judgment

3

On appeal, the Davises first argue that the district court erred in granting Habitat's motion for summary judgment. We review de novo the district court's grant of summary judgment. *Loren v. Sasser*, 309 F.3d 1296, 1301 (11th Cir. 2002) (per curiam). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In determining whether a genuine issue of material fact remains for trial, [we] must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Loren*, 309 F.3d at 1301–02 (internal quotation marks omitted).

The FHA prohibits discriminatory housing practices based on an individual's disability or handicap. 42 U.S.C. § 3604(f)(1)(A). Discrimination under the FHA includes "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). "[H]andicapped people must be afforded the same (or 'equal') opportunity to use and enjoy a dwelling as non-handicapped people, which occurs when accommodations address *the needs created by the handicaps*." *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1226 (11th Cir. 2008) (emphasis in original). To prevail on a failure to accommodate claim, a plaintiff must establish that (1) she is disabled or handicapped within the meaning of the FHA, (2) she

4

requested a reasonable accommodation, (3) such accommodation was necessary to afford her an opportunity to use and enjoy her dwelling, and (4) the defendants refused to make the requested accommodation. *See id.* at 1218–20; *United States v. Hialeah Hous. Auth.*, 418 F. App'x 872, 875 (11th Cir. 2011) (per curiam). A plaintiff is not entitled to the accommodation of his or her choice, but is entitled only to a reasonable accommodation. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997).

The Davises contend that Habitat violated the FHA by failing "to make reasonable accommodations in rules, policies, practices, or services," which were necessary to afford the Davises an equal opportunity to use and enjoy the home. Specifically, the Davises claim Habitat did not allow them to communicate about needed modifications and failed to make the modifications the Davises requested. That is, Habitat's policy of not offering customized homes prevented Habitat from providing equal access to the Davises. Habitat responds that the Davises fail to establish a prima facie case of discrimination as the record does not reveal that the Davises made a request for an accommodation that was denied by Habitat. Additionally, the FHA does not require Habitat to comply with every requested modification or accommodation without regard to whether the request is appropriate and reasonable.

5

The Davises cannot prove discrimination under the FHA because there is nothing in the record to demonstrate that Habitat refused to make the requested accommodation of allowing the Davises to communicate with Habitat about needed modifications.  Habitat met with the Davises and with a vocational rehabilitation engineer at the Davises' request and agreed to modify the building plan for the home.  Habitat then built a home with the majority of the modifications requested.  As the district court correctly found, Brittany could have used and enjoyed the home with those modifications.  To the extent that Habitat had a policy of not building custom homes, it certainly altered this policy when it designed and built the Davises' home.  Accordingly, summary judgment was proper.

### B. Motion for a New Trial or Rehearing

The Davises claim that the district court erred in denying their motion for a new trial or rehearing.  "A district court has sound discretion whether to alter or amend a judgment pursuant to a motion for reconsideration, and its decision will only be reversed if it abused that discretion."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).  The Davises raised a new legal theory—that Habitat failed to accommodate under § 3604(f)(3)(B)— in their motion for reconsideration.  We agree with the district court that this theory could have been raised prior to the entry of summary judgment.  "A motion for reconsideration

6

cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.  This prohibition includes new arguments that were previously available, but not pressed." *Id.* (internal citations and quotation marks omitted).  Accordingly, the district court did not abuse its discretion in denying the Davises' motion.  *See id.*

**AFFIRMED.**