[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14052
_____

D.C. Docket No. 2:11-cv-01183-AKK


NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

                                        Plaintiff-Counter Defendant-Appellee,

                        versus


GUSTER LAW FIRM, LLC,

                                                Defendant-Appellant,

GUSTER PROPERTIES, LLP,

                                        Counter Claimant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____
(June 16, 2014)

Before MARCUS and ANDERSON, Circuit Judges, and GOLDBERG,* Judge.

_____
*Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by
designation.

PER CURIAM:

This case was initiated by the Insurance Company's declaratory judgment complaint seeking a judgment declaring that it was not liable for the fire loss that occurred to a building owned by Guster Properties, LLP ("Properties"). The Insurance Company moved for summary judgment, arguing, inter alia, that the insured on the policy, Guster Law Firm, LLC ("Law Firm"), had no insurable interest. See Ala. Code § 27-14-4. The Law Firm and Properties jointly counterclaimed for, inter alia, reformation of the policy on the basis of mutual mistake. See Ala. Code § 8-1-2. The Insurance Company moved for summary judgment on both the insurable interest issue and the reformation issue. The district court granted summary judgment in favor of the Insurance Company on both issues. The Law Firm and Properties moved for reconsideration pursuant to Fed. R. Civ. P. 59(e), which the district court denied. The Law Firm and Properties (collectively "Appellants") appeal, challenging the district court's ruling on both issues. We address each in turn. We affirm.

## I. INSURABLE INTEREST

In response to the Insurance Company's motion for summary judgment, Appellants made only two arguments to support the Law Firm's claim of insurable interest: (1) that the Law Firm's intention to occupy the building once renovations were complete was a sufficient expectation of pecuniary benefit to constitute an

2

insurable interest under Alabama law; and (2) that the relationship of the two entities – i.e., the fact that the owner of the real estate, Properties, and the insured, the Law Firm, were each owned by Eric Guster – gave the Law Firm an insurable interest in the building.

We reject both arguments for the reasons set out in the district court's opinion, Doc. 54, Part IV.C.2, at pages 30-34.  We also reject Appellants' arguments, raised for the first time in Appellants' Rule 59(e) motion, to the effect that the Law Firm actually paid for some renovations to the building and for some arguably covered furnishings.  Well-established law of this Circuit provides that neither the district court nor the court of appeals is obliged to consider arguments "'previously available, but not pressed,'" at the summary judgment stage. Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957-58 (11th Cir. 2009) (quoting Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam)); see also Resolution Trust Corp. v. Dunmar Corp, 43 F.3d 587, 599 (11th Cir. 1995) (en banc) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment."); Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp., 10 F.3d 1563, 1568 (11th Cir. 1994).  We are not persuaded that manifest justice warrants excusing the waiver in this case.

## II.  REFORMATION

For the reasons set out in the district court's opinion, Part IV.C.1, at pages 26-30, we reject Appellants' arguments on appeal that the district court erred in refusing to reform the policy. We agree with the district court that the mistake was unilateral. We also note that Appellants failed to prove another required element of the reformation claim. Appellants failed to prove that the parties had a meeting of the minds at the time of the contract on the version of the contract which Appellants now urge – i.e., that both parties agreed that Properties would be the named insured or that both parties agreed that it did not matter who owned the property. "Reformation is not available to make a new agreement." Highlands Underwriters Ins. Co. v. Elegante Inns, 361 So. 2d 1060, 1064 (Ala. 1978); see also Federated Guar. Life Ins. Co. v. Painter, 360 So. 2d 309, 311 (Ala. 1978).

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.