[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 15-12914 & 15-13023
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-01109-JBT

LAREESA BERMAN,

Plaintiff - Appellant,

versus

THOMAS A. KAFKA,

Defendant - Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(September 26, 2016)

Before HULL, MARCUS, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Lareesa Berman, through counsel, appeals the district court's denial of Plaintiff's motion for a new trial. Plaintiff sought a new trial after the jury returned a verdict in favor of Defendant Thomas Kafka in Plaintiff's pro se civil action for defamation. Plaintiff also appeals the district court's award of attorneys' fees and costs to Defendant. No reversible error has been shown; we affirm.

This case arises out of statements made by Defendant to the Florida Department of Economic Opportunity ("DEO") in which Defendant indicated that Plaintiff was involved in embezzling money from Defendant's company. Plaintiff's husband, Chris Berman, was employed by Defendant's company and applied for unemployment benefits after his employment was terminated. Defendant challenged the application and later appealed the DEO's award of unemployment benefits to Plaintiff's husband. During the course of the appeal, in emails sent to DEO employees, Defendant made these two statements: (1) "I asked Connie not to lose sight of the fact that you initially ruled in our favor and that we proved that Chris Berman and his wife embezzled money from our company;" and (2) "Part of the money was embezzled by his wife."

Plaintiff brought this civil action against Defendant for libel per se, seeking compensatory and punitive damages. Following a three-day jury trial, the jury

2

returned a verdict in favor of Defendant: finding that the alleged defamatory statements were "substantially true and made with good motives."

Plaintiff filed a motion for a new trial, pursuant to Fed. R. Civ. P. 59(a)(1). The district court denied Plaintiff's motion. The district court then granted Defendant's motion for attorneys' fees and costs. Plaintiff filed a motion for reconsideration of the district court's award, which the district court denied. This appeal followed.

## I.      Motion for New Trial

We review a district court's denial of a motion for new trial for abuse of discretion. Middlebrooks v. Hillcrest Foods, Inc., 256 F.3d 1241, 1247 (11th Cir. 2001). "Deference to the district court is particularly appropriate where a new trial is denied and the jury's verdict is left undisturbed." Id. at 1247-48 (quotations omitted).

### a.  Weight of the Evidence

On appeal, Plaintiff first contends that a new trial is warranted because the jury verdict was contrary to the great weight of the evidence. Because Plaintiff

3

failed to move for a directed verdict at trial, however, "our inquiry is limited to whether there was <u>any</u> evidence to support the jury's verdict, irrespective of its sufficiency." <u>Hercaire Int'l, Inc. v. Arg.</u>, 821 F.2d 559, 562 (11th Cir. 1987) (emphasis in original).

Here, the jury's finding that Defendant's statements were substantially true is supported by evidence in the record. At trial, Defendant introduced two checks written out to "Chris Berman c/o Trifecta Gaming USA, Inc." Instead of depositing the checks into Defendant's business account as intended, Plaintiff's husband endorsed the checks over to Plaintiff; her signature also appears on the back of the checks. Never were the funds deposited in Defendant's business account. This evidence supports a finding that Plaintiff was involved with her husband in a scheme to embezzle money from Defendant and, thus, supports the jury's finding that Defendant's statements were substantially true. To satisfy his burden of proving a "substantial truth" affirmative defense, Defendant need only show that the "'gist' or the 'sting' of the statement is true." <u>Smith v. Cuban Am. Nat'l Found.</u>, 731 So. 2d 702, 706 (Fla. Dist. Ct. App. 1999). Defendant need not prove, beyond a reasonable doubt, that Plaintiff was in fact guilty of

4

embezzlement.[1]  The district court abused no discretion in denying Plaintiff's motion for a new trial on this ground.

    b.  Jury Instructions

Plaintiff next contends that the district court erred in denying her a new trial based on the district court's improper jury instructions.  Because Plaintiff failed to object timely to the jury instructions at trial, we review her arguments only for plain error.  See Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1329 (11th Cir. 1999).  To establish plain error, Plaintiff must show both that "the challenged instruction was an incorrect statement of the law" and that the error "was probably responsible for an incorrect verdict."  Id.

The district court committed no error -- plain or otherwise -- in instructing the jury on Plaintiff's burden of proof.[2]  Jury Instruction 5 stated correctly that Plaintiff bore the burden of proving her claim by a preponderance of the evidence.

---

[1] Plaintiff also contends that a new trial is warranted because Defendant failed to prove that the defamatory statements were made with "good motive."  Because Plaintiff failed to raise this argument in her motion for a new trial in the district court, it is waived.  See Albra v. Advan, Inc., 490 F.3d 826, 828 n.1 (11th Cir. 2007).

[2] From the record, whether -- as Plaintiff contends -- Plaintiff objected to the district court's jury instruction about her burden of proof is unclear.  We need not decide that issue, however, because the district court's jury instruction was an accurate statement of the law and constituted no error.  Plaintiff's argument thus fails under either a de novo or a plain error standard of review.

Because the district court also instructed the jury properly about Defendant's burden of proving the elements of his affirmative defense, and about the parties' stipulation that Defendant did make the defamatory statements, Plaintiff has failed to show that the complained-of jury instruction misled the jury or that it likely resulted in an incorrect verdict.

The district court also committed no plain error in instructing the jury on the affirmative defense of "substantial truth and good motives" under Florida law. Defendant pleaded the affirmative defenses of "truth" and "good motive" in his answer and later clarified -- in response to Plaintiff's motion to strike, and in Defendant's trial brief -- that he was relying on Florida's "substantial truth doctrine."  Plaintiff -- well before trial -- was thus put on sufficient notice of Defendant's affirmative defense.  Where "a plaintiff receives notice of an affirmative defense by some means other than pleadings, the defendant's failure to comply with [Fed. R. Civ. P.] 8(c) does not cause the plaintiff any prejudice," and the trial court commits no error by considering the affirmative defense on the merits.  Grant v. Preferred Research, Inc., 885 F.2d 795, 797-98 (11th Cir. 1989) (district court committed no error in considering an affirmative defense first raised in a motion for summary judgment filed one month before trial).

"Under the substantial truth doctrine, a statement does not have to be perfectly accurate if the 'gist' or the 'sting' of the statement is true."  Smith, 731

6

So. 2d at 706.  Here, the "gist" or "sting" of Defendant's statements was that

Plaintiff and her husband were involved in embezzling (that is, taking Defendant's)

money from Defendant's company.  Because Defendant was not required to prove

that Plaintiff was, in fact, guilty beyond a reasonable doubt of the crime of

embezzlement in the technical sense, the district court committed no plain error in

failing to instruct the jury on the elements of the criminal offense of

"embezzlement."

The district court also committed no plain error in not instructing the jury on

the definition of the term "good motive."  The term "good motive" is capable of

being understood by a layperson without a definition.  Moreover, nothing

evidences that the district court's failure to define the term "good motive" altered

the outcome of Plaintiff's case.

c. Evidentiary Rulings

Plaintiff next contends that a new trial is warranted based on the district

court's improper evidentiary rulings.  "The district court has broad discretion to

determine the admissibility of evidence, and we will not disturb the court's

judgment absent a clear abuse of discretion."  Tran v. Toyota Motor Corp., 420

F.3d 1310, 1315 (11th Cir. 2005).  A district court abuses its discretion when it

"applies the wrong law, follows the wrong procedure, basis its decision on clearly erroneous facts, or commits a clear error in judgment." Id.

Plaintiff first objects to the district court's exclusion of Defendant's corporate tax returns, which Plaintiff contends would have shown that Defendant's company reported no revenue or losses during 2006 and 2007. Plaintiff contends this evidence would have supported a finding that neither Plaintiff nor her husband could have embezzled money from Defendant's company. The district court sustained Defendant's objections based on relevancy and jury confusion. We agree that the proposed tax returns had very little -- if any -- relevance to the issue of whether Defendant's defamatory statements were substantially true. Because whatever minimal probative value the tax returns may have had was substantially outweighed by the high likelihood of confusing the issues and of misleading the jury, the evidence was properly excluded under Fed. R. Evid. 403.

Although Plaintiff contends on appeal that the district court erred in admitting into evidence copies (as opposed to originals) of the allegedly embezzled checks, Plaintiff herself introduced duplicate copies of the same checks into evidence. On this record, we see no abuse of discretion.

The district court also abused no discretion in admitting copies (as opposed to originals) of Defendant's payroll checks. Although Plaintiff objected that the checks had not been certified by the bank, she raised no "genuine question" about

8

the authenticity of the original documents.  The duplicate copies were thus admissible under Fed. R. Evid. 1003.

### d.  Defense Counsel's Improper Comments

We are unpersuaded by Plaintiff's argument that the district court abused its discretion in denying her motion for a new trial based on defense counsel's alleged improper comments during opening and closing argument.  The district court has wide discretion to regulate the scope of counsel's arguments.  Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1282 (11th Cir. 2008).  "Statements made in oral arguments must be plainly unwarranted and clearly injurious to constitute reversible error."  Peterson v. Willie, 81 F.3d 1033, 1036 (11th Cir. 1996).  "When no objections [to counsel's arguments] are raised, we review the arguments for plain error, but a finding of plain error is seldom justified in reviewing argument of counsel in a civil case."  Oxford Furniture Cos. v. Drexel Heritage Furnishings, Inc., 984 F.2d 1118, 1128 (11th Cir. 1993).

Plaintiff contends that defense counsel made improper comments that were unsupported by the evidence and that expressed counsel's personal opinion about Plaintiff's motive for filing suit and about the credibility of Plaintiff's husband. Having reviewed the record, we conclude that the comments to which Plaintiff

9

now objects -- none of which were objected at trial -- did not rise to the level of plain error.  See id.  The district court abused no discretion in denying Plaintiff's motion for a new trial on these grounds.

## II.    Attorneys' Fees & Costs

Plaintiff appeals the district court's award of attorneys' fees and costs to Defendant, pursuant to Fla. Stat. § 768.79.  Briefly stated, Plaintiff contends that Fla. Stat. § 768.79 is inapplicable to her case because Plaintiff sought both monetary and non-monetary relief (the latter in the form of a letter of apology).

Plaintiff first raised this argument in her motion for reconsideration of the district court's order awarding Defendant attorneys' fees and costs.  The district court rejected Plaintiff's argument on two independent grounds.  First, the district court concluded that Plaintiff's argument was raised improperly in her motion for reconsideration.  Second, the district court rejected Plaintiff's argument on the merits.

On appeal, Plaintiff addresses only the merits of her argument about the applicability of section 768.79; she raises no challenge to the district court's independent ground for rejecting her argument as untimely raised.  Plaintiff has thus abandoned this argument.  See Carmichael v. Kellogg, Brown & Root Serv.,

572 F.3d 1271, 1293 (11th Cir. 2009).  The district court committed no error in determining that Plaintiff's argument was improperly raised.  "A motion for reconsideration cannot be used to . . . raise argument or present evidence that could have been raised prior to the entry of judgment."  Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009).

     AFFIRMED.