[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14643
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2011
JOHN LEY
CLERK

D. C. Docket No. 06-20045-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN JOSE FERNANDEZ-LEAL,
a.k.a. Juanito,
a.k.a. Juan Fernandez-Leal,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 1, 2011)

Before EDMONDSON, HULL, and MARTIN, Circuit Judges.

PER CURIAM:

Juan Jose Fernandez-Leal, a federal prisoner proceeding pro se, appeals the district court's denial of his motion to compel the government to file a Fed.R.Crim.P. 35(b) substantial assistance motion on his behalf and the denial of his motion for reconsideration.[1] No reversible error has been shown; we affirm.

We review de novo whether the government can be compelled to make a substantial assistance motion. United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1998). We review the denial of a motion for reconsideration for an abuse of discretion. United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004).

We conclude that the district court denied correctly Fernandez-Leal's motion to compel because Fernandez-Leal showed no constitutionally impermissible motive. When the government does not file a substantial assistance motion, we "are precluded from intruding into prosecutorial discretion," except where there is "an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." Forney, 9 F.3d at 1501-02 (emphasis in

---

[1]Fernandez-Leal had been convicted of a drug offense and sentenced to 97 months' imprisonment.

2

original).[2] In his motion to compel, Fernandez-Leal alleged only that he provided substantial assistance to the government; and he repeats those allegations on appeal. But a defendant's claim that he "merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." See Wade v. United States, 112 S.Ct. 1840, 1843 (1992) (explaining that the government has the power, but not the duty, to file a substantial assistance motion when the defendant has provided substantial assistance).

On appeal, Fernandez-Leal repeats an allegation -- which he made for the *first* time in his reconsideration motion -- that the government discriminated against him based on his religious beliefs because the government compelled him to swear under oath before testifying in a grand jury proceeding.[3] The district court abused no discretion in denying reconsideration because Fernandez-Leal could have raised this argument in his original motion to compel. See Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (explaining that a motion for reconsideration cannot be used to "raise argument or present evidence that could have been raised prior to the entry of judgment," and that this prohibition

---

[2]Fernandez-Leal's plea agreement did not require the government to file a substantial assistance motion; instead, the terms of the agreement gave the government discretion to evaluate Fernandez-Leal's cooperation and to determine whether to seek a sentence reduction on his behalf.

[3]In his grand jury testimony, Fernandez-Leal identified his supplier of drugs.

included new arguments "previously available, but not pressed"). And even still, Fernandez-Leal's contention that the government violated his First Amendment rights by compelling him to take an oath relates to whether he voluntarily testified at a grand jury hearing, not to the government's failure to file a Rule 35(b) motion on his behalf.

Because Fernandez-Leal made no allegation and substantial showing of a constitutionally impermissible motive, we affirm the district court's denial of his motion to compel the government to file a Rule 35(b) motion and the denial of reconsideration.

AFFIRMED.

4