**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3313
_____

BORIS BORETSKY; FRANCIS HANNON; MATT GREEN; JAMES COMER;
CARMELLO PATRIOUNGA; ALLAN SCHUSTER; STEPHEN DOWNER;
CONDELL WOODSON; RASHEED MUHAMMAD; ROY DOVE;
TERENCE THOMPSON; NATHANIEL HARVEY; MARKO BEY;
DWAYNE GILLISPIE; STEPHEN MANN; SANTISE ROBINSON;
DESI R. SYKES; LLOYD MASSEY; BRIAN WAKEFIELD; JOHN MARTINI;
THERNELL HUNDLEY; STEVEN BALSAVICH; SEAN MILLIKEN;
ROBERT SICARI; WAYNE CROSBY; JOSE ALVES; DAVID MYLAND;
CARLO MONTEFUSCO; JOHN STOTE; ROBERT LEBLANC;
LAWRENCE MCARTHUR; JOHN CRAIG HAYNES; LOUIS URCINOLI;
DANIEL DELGADO; HOWARD WILSON; MICHAEL SUAREZ;
CHRISTOPHER TIRADO; TODD REED,
                                                              Appellants

v.

GOVERNOR OF NEW JERSEY; ATTORNEY GENERAL,
STATE OF NEW JERSEY; GEORGE HAYMAN, COMMISSIONER;
JOHN DOE, ICC COORDINATOR; MICHELLE R. RICCI, ADMINISTRATOR;
DONALD MEE, JR., ASSOCIATE ADMINISTRATOR;
JAMES DRUMM, ASSISTANT SUPERINTENDENT;
CHARLES WARREN, ASSISTANT SUPERINTENDENT;
JEFFREY BELL, ASSISTANT SUPERINTENDENT;
BRENDA SMITH-HUTTON, EXECUTIVE ASSISTANT;
THOMAS DECHAN, SUPERVISOR OF EDUCATION;
DENIECE GRAY, ASSISTANT SUPERVISOR OF EDUCATION;
LT. EMRICH JOHN DOE, N.J.S.P. WEST COMPOUND;
FRANK BRUNO, REMEDY FORMS COORDINATOR;
SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
JENNIFER HENDRICKS, DIRECTOR OF INTERSTATE TRANSFERS FOR PA.
DOC; KRISTEN P. REISINGER, CHIEF GRIEVANCE OFFICER
FOR PA. DOC; JOHN DOE SONDERVAN, COMMISSIONER;
YUVONKA JENKINS, ICC ADMINISTRATOR, JOHN DOE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-08-cv-02265)
District Judge: Honorable Garrett E. Brown, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 8, 2011

Before: AMBRO, HARDIMAN and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 25, 2011)
_____

OPINION
_____

PER CURIAM

The plaintiff-appellants in this case are 32 prisoners,[1] housed in several different

facilities across New Jersey and Massachusetts. They filed suit against 19 defendants,

who are state government and corrections officials in New Jersey, Pennsylvania, and

Maryland. The 25 prisoners housed at the New Jersey State Penitentiary ("NJSP") also

filed a motion for a temporary restraining order against the NJSP, seeking release from

the prison's isolation wing. The District Court dismissed all plaintiffs except for

Boretsky from the action, and dismissed Boretsky's complaint without prejudice, with

---

[1] The initial complaint included 39 plaintiffs, but only 38 signed the notice of appeal. Allan Shuster, Stephen Mann, Desi R. Sykes, John Martini and Christopher Tirado failed to sign or file a letter joining in appellants' brief. As such, these parties are dismissed pursuant to 3rd Cir. LAR Misc. 107.2(b). By separate order Raymond Cook was dismissed as a party. Of the initial 39 plaintiffs, 32 remain as appellants in this action.

leave to amend.[2] The District Court also denied without prejudice the motion for a restraining order. Following an unsuccessful motion for reconsideration, the plaintiffs appealed.

I

Because we write primarily for the parties, who are familiar with the case, and because the District Court provided a thorough exposition of the claims involved, we will provide only those background facts necessary to our decision. In short, the underlying complaint in this case included a wide variety of claims. The NJSP plaintiffs complained that they were unlawfully placed in an isolation wing. They also alleged: an unlawful conspiracy between New Jersey officials to deprive them of their constitutional rights; that they endured cruel and unusual punishment, denial of access to the courts, and deprivations of due process; that NJSP violates health and safety standards; and that they are generally denied sufficient recreational, educational, and job opportunities, as well as access to the law library. Several NJSP inmates raised claims that they were unlawfully deprived of opportunities to practice their religion or to attend religious services. There were also some complaints regarding the NJSP inmates' ability to access rehabilitative services, such as twelve-step programs. Several of the inmates argued that their placement in segregation violated interstate compacts, under which they were serving out sentences imposed by other states.

---

[2] The Clerk of the District Court was then directed to open new, separate cases for all but two of the dismissed co-plaintiffs; these plaintiffs were given leave to file amended complaints.

Plaintiff Hannon, who was housed at NJSP after having been housed in institutions in Pennsylvania and Massachusetts, alleged that he was unlawfully transferred in retaliation for filing lawsuits and petitions for post-conviction relief, both for himself and other inmates. He also claimed that defendant Reisinger attempted to interfere with his ability to pursue claims by dismissing one of his grievances, thereby preventing him from properly exhausting his claims, as required by the Prison Litigation Reform Act. He further alleged that defendants Beard, Hendricks, and Reisinger communicated "disruptive thoughts" to other defendants, which resulted in retaliatory conduct against him. Finally, he claimed that, when he was transferred to NJSP, corrections officials lost or unlawfully confiscated legal materials in his possession, including his own documents and materials belonging to the Massachusetts plaintiffs and two of the New Jersey plaintiffs. The plaintiffs alleged that, because these materials were then unavailable, Hannon and the other inmates lost their cases in court, or fared less favorably than they might otherwise have. Those inmates Hannon was assisting raised related claims for relief based on the defendants' conduct in transferring Hannon and causing their materials to go missing.

The District Court determined, *sua sponte*, that the plaintiffs were not properly joined under Federal Rule of Civil Procedure 20. Accordingly, the District Court dismissed all plaintiffs – except for Boretsky, the first named plaintiff – from the action, and, with regard to Boretsky, dismissed the action without prejudice and with leave to file an amended complaint asserting his individual claims within 30 days. The District Court

4

also directed that individual cases be opened for each of Boretsky's co-plaintiffs, and that they be granted 30 days to amend.[3] The plaintiffs filed a joint motion to reconsider, accompanied by a purported joint amended complaint. The District Court denied the motion to reconsider, and the plaintiffs appealed.

## II

Briefing in this case was stayed pending our decision in Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009), because that case dealt with issues relevant to this appeal. The first such issue is the question whether this Court has jurisdiction to review the District Court's order denying joinder and dismissing the complaint without prejudice. "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). "Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable." Id. at 951-52. In this case, the plaintiffs filed a reconsideration motion alleging that the District Court's analysis of the joinder issue was incorrect, as well as a joint amended complaint – which was substantially similar to the original complaint – that purported to resolve any joinder problems. As in Hagan, we are satisfied that the plaintiffs' actions demonstrated that they elected to stand upon their original complaint; thus, the District Court's order can be

---

[3] The District Court directed that new cases not be opened for plaintiffs Cook and Reed, who failed to comply with the Local Civil Rule requiring that they provide a mailing address.

considered final, and we have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. See 570 F.3d at 151-52.

Next, we turn to the question whether the District Court erred in concluding that joinder was inappropriate in this case. We review the District Court's order severing the parties pursuant to Federal Rule of Civil Procedure 20 for abuse of discretion. See Hagan, 570 F.3d at 152. We may affirm on any ground supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001). Rule 20 permits several plaintiffs to join – or several defendants to be joined in – an action if (1) the claims by the plaintiffs, or against the defendants, arise from the same transaction, occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all plaintiffs or all defendants will arise in the action. See Fed. R. Civ. P. 20(a). "In exercising its discretion [to join parties], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." Hagan, 570 F.3d at 157.

Here, the District Court reasoned that the plaintiffs did not satisfy the requirements of Rule 20. We agree. For example, Hannon's and his co-plaintiffs' claims regarding their lost legal materials bear no relation to the NJSP plaintiffs' claims that they were improperly placed in segregation and forced to endure unconstitutional conditions, and *vice versa*. Likewise, Hannon's claims that certain defendants conspired against him, resulting in retaliatory transfers and difficulties in pursuing administrative relief, did not bear on any other plaintiff's claims. In short, the plaintiffs' various claims did not arise

6

from the same occurrence or series of occurrences, and there was no claim common to all plaintiffs.[4] Although some of the plaintiffs' claims might ordinarily be good candidates for joinder, we cannot say that, given the hodgepodge of claims raised in the original complaint, the District Court abused its discretion in dismissing Boretsky's co-plaintiffs from the action and directing the plaintiffs to file separate complaints.

We note that, in concluding that joinder was inappropriate, the District Court cited the decisions of several other district courts for the proposition that general "impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder of prisoner plaintiffs otherwise allowed by Rule 20(a)(1)." D. Ct. Op., at 13. We need not consider the propriety of the District Court's analysis in that regard – although we have questioned reliance on such general propositions, see Hagan, 570 F.3d at 156-57 & n.5 – because we are satisfied that the District Court's decision reflects a thorough consideration of the requirements of Rule 20, as applied to the specific facts raised in the plaintiffs' complaint.

Because the District Court properly dismissed Boretsky's co-plaintiffs from the action, we also perceive no error in the District Court's denial of the motion for a temporary restraining order. The denial of that motion was without prejudice to the right of each plaintiff to file such a motion in his individual case.

Finally, we turn to the District Court's decision denying the motion to reconsider, which we review for abuse of discretion. See Caver v. Trenton, 420 F.3d 243, 258 (3d

---

[4] The District Court also correctly noted that there was no claim common to all

7

Cir. 2005). To prevail on a motion for reconsideration, a party must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment.'" Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Vill., 408 F.3d 757, 763 (11th Cir. 2005)). Here, the plaintiffs contended that the District Court erred in severing Boretsky's co-plaintiffs from the action. However, they did not explain how the District Court erred in its analysis or identify pertinent law or facts that the District Court overlooked. Rather, they merely expressed their disagreement with the District Court's decision, and that argument was insufficient to warrant reconsideration. The District Court properly denied the motion.

Accordingly, we will affirm.

---

defendants.