[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2011
JOHN LEY
CLERK

_____

No. 10-15668
Non-Argument Calendar

_____

D.C. Docket No. 9:08-cv-80689-KLR

VOIS, INC.,

Plaintiff - Counter -
Defendant - Appellant,

versus

EDWARD SPINDEL,
MICHAEL SPINDEL,

Defendants - Counter -
Claimants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 13, 2011)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

VOIS, Inc. ("VOIS") appeals the district court's order granting summary judgment in favor of Edward Spindel and Michael Spindel ("Spindels"). The court held the Spindels has met their burden under the lost instrument statute and that VOIS was unable to rebut the Spindels' claims. After careful review of the record and counsels' briefs, we reverse.

## I. BACKGROUND

Appellant VOIS is the current name of a medical information company which sought to attract investors by issuing a Private Placement Memorandum on November 18, 2002. Appellees, Edward and Michael Spindel are brothers and veterinarians who agreed to invest in the company. VOIS issued the Spindels five promissory notes in exchange for a $145,000.00 loan. In April 2008 VOIS filed a complaint against the Spindels in state court, alleging that the Spindels had caused VOIS to issue the five promissory notes at unfavorable rates and then engaged in a fraud by using their position within the company to restructure the notes to be even more unfavorable to VOIS. Based on diversity jurisdiction, the Spindels were able to remove the action to federal court.

Once in federal court, the Spindels filed a counter-claim against VOIS on February 17, 2009, demanding repayment of the debts owed under the notes. During discovery, VOIS initially claimed to not be in possession of the original notes and

that its quarterly and annual corporate filings with the SEC were correct in showing that the notes were in default and accruing interest in the Spindels favor. VOIS later provided a sworn affidavit to the court attesting that it had recently discovered the original notes and that all five notes were currently in their possession.

On July 19, 2010 the Spindels filed a Motion for Summary Judgment which argued that there was no genuine issue of material fact and that judgment should be entered in their favor. Shortly after VOIS filed a Response in Opposition, which stated that its possession of the original promissory notes precluded summary judgment in favor of the Spindels. On September 16, 2010 a hearing on the Motion was held in the District Court. On November 4, 2010, the District Court granted the Spindels' Motion for Summary Judgment, finding that the Spindels had met their burden and that VOIS has failed to rebut the Spindels' claims. The district court entered judgment in the amount of $287,266.00. VOIS filed this timely appeal.

## II.  DISCUSSION

We review the district court's grant of summary judgment *de novo,* considering all the evidence and factual inferences in the light most favorable to the non-moving party. See Wilchombe v. TeeVee Toons, Inc.*,* 555 F.3d 949, 956 (11th Cir. 2009). Under Fed. R. Civ. P. 56(c), a motion for summary judgment is properly granted when "the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

VOIS argues that the district court improperly shifted the burden of proof on VOIS even though VOIS showed that it possessed the original notes, giving rise to the inference that as the bearer of the notes, VOIS' liability under the notes is extinguished. It argues that the district court erred in granting summary judgment where there remained in dispute an issue of fact regarding whether the Spindels ever possessed the original promissory notes. The district court concluded that the Spindels met their burden of proving their "lost note" claim even though VOIS presented evidence to the contrary, including cover letters to the Spindels stating that the executed notes were enclosed, and evidence that Edward Spindel later assigned a separate Demand Note made in his favor from Medstrong, VOIS' predecessor company.[1] VOIS argues that it is unlikely the Spindels would fail to receive the originals of the five promissory notes in their favor if Edward Spindel obtained the original of a Demand Note from the same entity, which he later assigned.

The Spindels argue that VOIS failed to present any evidence to support its contention that VOIS' mere possession of the notes absolved it from liability under

---

[1] VOIS was originally known as Medical Record by Net, then Lifelink Online, then Medstrong Corporation.

4

the notes due to either payment or other discharge of liability. They argue that VOIS rested on its mere possession of the notes and failed to produce any additional evidence. The district court agreed, finding that the Spindels pointed to undisputed evidence as to why they could not produce the original notes: that the notes were never delivered to them. The trouble with the Spindels' argument, and the district court's conclusion, is that the Spindels' evidence was not undisputed. VOIS presented evidence that the notes were delivered to the Spindels. With the fact of the Spindels' possession of the notes in dispute, the Spindels could not prove their "lost note" claim as a matter of law. The district court, however, concluded that the Spindels' contention that they never received the original notes was in fact accurate. The district court erred in deciding this issue of fact in favor of the Spindels on summary judgment.[2]

Accordingly, we reverse the district court's entry of summary judgment in favor of Edward and Michael Spindel.

REVERSED.

---

[2] We recognize that this case will be tried in a bench trial and the result may very well be the same. However, we feel compelled to apply the law surrounding summary judgment regardless.