[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2012
JOHN LEY
CLERK

No. 11-15341
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-01574-JA-KRS


JOHNNY LARA,

                                                        Plaintiff - Appellant,

versus

RAYTHEON TECHNICAL SERVICES COMPANY, LLC,

                                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 17, 2012)

Before MARCUS, WILSON, and BLACK, Circuit Judges.

PER CURIAM:

Johnny Lara, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Raytheon Technical Services Company, LLC on his Title VII religious harassment and retaliation claims. Lara's claims are based on the inappropriate behavior of his supervisor, Francis Sanchez. Raytheon in turn challenges the sufficiency of Lara's notice of appeal and initial brief. After review, we affirm the district court.

I

Preliminarily, Raytheon contends that Lara's notice of appeal challenges only the denial of his motion for reconsideration and that, in any event, Lara's brief on appeal fails to adequately present the issues on appeal. With regard to Lara's *pro se* notice of appeal, Lara stated that he appealed from the court's order denying reconsideration, "rendering final the September 7th, 2011 Order [Doc 74] granting summary judgment." Liberally construing this notice, *see Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam), Lara adequately indicated his intention to appeal from the district court's earlier summary judgment decision, *see McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986) (acknowledging "liberal allowance of appeals from orders not expressly designated in the notice of appeal" where the order not identified was issued prior to the order designated in the written notice of appeal). Next, with regard to

2

Lara's *pro se* brief on appeal, Raytheon points out that Lara does not support his arguments with citations to case law or with specific references to the record. Lara, however, has provided adequate factual support for us to understand and review his arguments on appeal. We thus address the merits of whether the district court erred in denying Lara's motion for reconsideration and whether it improperly granted summary judgment in favor of Raytheon on both of Lara's Title VII claims.

II

Lara contends that the district court erred in denying his motion for reconsideration. In that motion, Lara challenged the district court's finding that he had not exhausted his administrative remedies for claims that arose after March 27, 2009. In support of his motion, he attached a letter from his counsel informing the Equal Employment Opportunity Commission (EEOC) of the claims that arose after March 27. We review the district court's denial of Lara's motion to reconsider for abuse of discretion. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).

The district court properly found that Lara did not exhaust the claims arising after March 27, 2009. A charge of discrimination filed with the EEOC must be in writing under oath or affirmation. 42 U.S.C. § 2000e-5(b). The interpretive

3

regulations require that an EEOC charge be in writing, signed, and verified before a person legally authorized to administer oaths and take acknowledgments. 29 C.F.R. §§ 1601.3(a), 1601.9. The letter from Lara's attorney to the EEOC did not meet these verification requirements and thus does not constitute an EEOC charge. Lara conceded below (and EEOC documentation confirms) that his sole EEOC charge alleged misconduct between February 2009 and March 27, 2009. He thus has not exhausted the claims arising after March 27, and the district court correctly declined to consider them. To the extent Lara raised other issues in his motion to reconsider, the district court did not abuse its discretion in denying him the ability to relitigate matters already presented to the court. *See Wilchombe*, 555 F.3d at 957.

### III

Lara argues that the district court erred in granting summary judgment in favor of Raytheon for failure to establish a *prima facie* case of harassment. We review the district court's grant of summary judgment *de novo*. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). To establish a *prima facie* Title VII claim for hostile work environment based on religious harassment, a plaintiff must establish: (1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment was based on his

4

religion; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable. *See Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999). Lara contends that he has established sufficiently severe harassing conduct to survive summary judgment.[1]

To determine whether behavior qualifies as severe and pervasive harassment, we look at both a subject and objective component. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002). "[T]o be actionable, this behavior must result in both an environment 'that a reasonable person would find hostile or abusive' and an environment that the victim 'subjectively perceives . . . to be abusive.'" *Id.* (quoting *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21–22, 114 S. Ct. 367, 370–71 (1993)). To evaluate the objective severity of the alleged harassment, we look to: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance. *Id.* Stated otherwise, Title VII prohibits only the type of harassment that "alter[s] the

---

[1]Lara does not appear to argue that the exhausted claims themselves are sufficient to establish a *prima facie* case. However, given his *pro se* status, we consider whether the allegations properly before us make out a case for religious harassment.

conditions of the victim's employment." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81, 118 S. Ct. 998, 1003 (1998) (quotation marks omitted).

Looking at these factors, we agree with the district court that the facts Lara asserts do not constitute severe and pervasive harassment on account of his religion. Lara alleged eight instances of misconduct in his EEOC complaint that took place over a time period of about a month and a half, but many of those harassing comments or behaviors were not related to his religion.[2] Although Sanchez did make unwarranted and derogatory comments about religion, there was nothing threatening or humiliating about the content of those offensive statements; they are more analogous to "mere offensive utterance[s]" that, although not suitable for work, do not rise to the level of Title VII harassment. *See Miller*, 277 F.3d at 1276. Moreover, Lara has not alleged that the harassment unreasonably interfered with performance of his job.[3] As such, he has not established that Sanchez's disrespectful behaviors qualify as severe and

---

[2]For example, Sanchez's comment that he would fire Lara if he entered a secure area objectively related to Lara's failure to obtain the requisite security clearance, not his Christian faith. Similarly, instances where Sanchez either did not look at Lara or stared at him during a meeting do not illustrate harassment on account of Lara's religion.

[3]To the extent Lara would have us conclude that his March 28, 2009 return to the United States is attributable the alleged harassment, that inference is unsupported by the record. Lara's EEOC complaint did not allege any religious harassment after February 20, and he replied in the negative when asked at a deposition whether he could testify to any additional religious discrimination after that date.

pervasive harassment on account of his religion.

IV

Lara argues that the district court erred in granting summary judgment in favor of Raytheon on his retaliation claim because he failed to establish a *prima facie* case.[4]  We review the district court's grant of summary judgment *de novo*. *Holloman*, 443 F.3d at 836.  To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show that (1) he engaged in a protected activity, (2) he suffered a materially adverse employment action, and (3) the protected activity was causally connected to the adverse employment action.  *See Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008).

We agree with the district court that Lara did not suffer a materially adverse employment action and, thus, failed to establish a *prima facie* case.  The only conceivable adverse employment action in the context of the unexhausted claims relates to Lara being told that his position would be replaced if he did not obtain the requisite security clearance within ninety days.  Lara knew from the outset of his employment that this was required, and after this request, Lara chose—but was never asked or even told by Raytheon—to return temporarily to Texas until his

---

[4]Again Lara appears to base his argument that he established a *prima facie* case on the unexhausted claims.  We consider whether the exhausted claims are sufficient to survive summary judgment on this issue.

7

clearance was approved.  Because Lara's choice to temporarily leave his job was not a materially adverse employment action, he fails to establish a *prima facie* case of retaliation.[5]

**AFFIRMED.**

---

[5]Lara does not argue that his voluntary, temporary departure qualifies as a constructive discharge.