[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10589
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00284-MTT


NICOLA C. HUDSON,

Plaintiff-Appellant,

versus

MIDDLE FLINT BEHAVIORAL HEALTHCARE,

Defendant-Appellee,

HR DIRECTOR TODD THOMPSON, et al.,

Defendants.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 20, 2013)

Before  DUBINA, Chief Judge, MARCUS  and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Nicola Hudson, appearing *pro se*, appeals the district court's grant of summary judgment in favor of Middle Flint Behavioral Healthcare ("Middle Flint").  Hudson filed a complaint alleging racial discrimination in her wrongful termination.[1]  She now argues—in a one-page brief devoid of citations—that the district court erred in granting summary judgment when Middle Flint failed to prove an African-American had been hired permanently to fill her vacated position.  After the district court granted summary judgment to Middle Flint, she moved for reconsideration.  In her motion for reconsideration, she claimed for the first time that a former male supervisor sexually harassed her while she worked at Middle Flint.[2]  The district court denied the motion, and she appealed.  She now argues the district court failed to consider her sexual harassment claim when it denied her motion for reconsideration.  Because Hudson challenges both of these rulings on appeal, as noted below, we will address each point in turn.

---

[1] In her complaint, Hudson also raised claims of a racially hostile work environment and retaliation, but she failed to mention these claims in her brief and has therefore abandoned them. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

[2] Hudson also argues that the district court demonstrated bias against her as a *pro se* litigant. Hudson identifies no basis in the record suggestive of bias, however, and therefore her claim does not merit further review.

2

I. Wrongful Termination

On appeal, Hudson argues that Middle Flint failed to prove she was replaced with another African-American, as its evidence was unreliable hearsay.  Therefore, the district court improperly granted summary judgment to Middle Flint on her wrongful termination claim.

We review *de novo* the grant of summary judgment.  *Crawford v. Carroll*, 529 F.3d 961, 964 (11th Cir. 2008).  We may affirm the grant of summary judgment on any ground supported by the record.  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Crawford*, 529 F.3d at 964.  If the movant succeeds in demonstrating the lack of a genuine material issue of fact, the non-movant must then show the existence of a genuine issue of fact to defeat the motion for summary judgment.  *Burger King Corp. v. E-Z Eating*, 572 F.3d 1306, 1313 (11th Cir. 2009).  Nonmoving parties must "go beyond the pleadings" and provide evidence showing a genuine issue of material fact remains.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986).  The district court cannot consider hearsay evidence

3

in ruling on a summary judgment motion, unless that evidence would have been admissible at trial. *Macuba v. DeBoer*, 193 F.3d 1316, 1322-23 (11t Cir. 1999).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (internal quotation marks omitted). However, the leniency afforded *pro se* litigants does not give the courts license to serve as *de facto* counsel or permit them to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

It is unlawful, under Title VII, for employers to discharge any individual, or otherwise discriminate against any individual because of that individual's race. 42 U.S.C. § 2000e-2(a)(1). In order to establish a *prima facie* case for discriminatory termination under Title VII, using only circumstantial evidence, the plaintiff may show that she (1) was a member of a protected class, (2) was qualified for the job, (3) suffered an adverse employment action, and (4) was replaced by someone outside the protected class. *Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1235 (11th Cir. 2004). Rather than demonstrate that she was replaced by someone outside of her protected class, a plaintiff may instead demonstrate that her employer treated similarly situated employees outside of her class more favorably. *Crawford*, 529 F.3d at 970. If the plaintiff establishes her *prima facie* case, and

4

the defendant provides a legitimate nondiscriminatory reason for the plaintiff's termination, the plaintiff may then demonstrate that the defendant's reason was a pretext for discrimination. *Cuddenback*, 381 F.3d at 1235 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-25, 36 L. Ed. 2d 668 (1973)). Absent a showing that the defendant's legitimate nondiscriminatory reason was a pretext, summary judgment in favor of the employer is appropriate. *Id.*

The record here demonstrates that evidence from Hudson's former employer suggested that the company fired her because she omitted prior employment information from her application. Further, the evidence showed that the employer later filled her position, twice, with African-American females, and she presented no evidence to the contrary. Thus, we conclude that she failed to establish a *prima facie* case for discriminatory termination. Even if she had established a *prima facie* case, however, she did not show that Middle Flint's stated legitimate nondiscriminatory basis for her termination was a pretext for race discrimination, nor did she demonstrate that genuine issues of material fact remained. Accordingly, we conclude that the district court properly granted Middle Flint's motion for summary judgment in this respect.

## II. Sexual Harrassment

Hudson contends the district court failed to address her sexual harassment claim against a male supervisor.

Her former employer responds that the sexual harassment issue raised for the first time in Hudson's motion for reconsideration should not be considered by us, as it was improperly raised.

 "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Federal Rule of Civil Procedure 15(a)." *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (holding that a nonmovant could not raise new arguments in a brief opposing a motion for summary judgment).

We conclude from the record here that Hudson failed to properly raise her claim of sexual harassment, because she did not present it until she filed her post-judgment motion for reconsideration.  Accordingly, we find no error in the district court's refusal to consider Hudson's sexual harassment claim.

For the aforementioned reasons, we affirm the district court's grant of summary judgment in favor of Middle Flint.

**AFFIRMED.**