[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11036
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cr-00230-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH GOSSETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 1, 2016)

Before TJOFLAT, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Kenneth Gossett, proceeding pro *se,* appeals the district court's denial of his motion to reduce his sentence, pursuant to § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines, and its denial of his motion to reconsider that ruling.

After Gossett pleaded guilty to conspiracy to distribute and to use and maintain a place for the purpose of dispensing oxycodone, hydrocodone, and alprazolam, in violation of 18 U.S.C. § 371, the sentencing court found that his guideline range of imprisonment was 168 to 210 months. Because the minimum of the guideline range exceeded the maximum statutory penalty, the sentencing court found that the guideline sentence was the statutory maximum of 60 months' imprisonment, from which it departed downward based on Gossett's substantial assistance to impose a sentence of 42 months' imprisonment. Gossett argues that, because Amendment 782 to the Sentencing Guidelines reduced his offense level, the district court erred by denying his motion for a reduced sentence and his motion to reconsider that denial.

We review the district court's conclusions about the scope of its legal authority under § 3582(c)(2) *de novo. United States v. Colon,* 707 F.3d 1255,1258 (11th Cir. 2013). The denial of a motion to reconsider is reviewed for an abuse of discretion. *United States* v. *Simms,* 385 F.3d 1347,1356 (11th Cir. 2004).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). When the district

2

court considers a § 3582(c)(2) motion, it must first recalculate the guideline range under the amended guidelines. *United States* v. *Bravo,* 203 F.3d 778, 780 (11th Cir. 2000). When recalculating the guideline range, it can only substitute the amended guideline and must keep intact all other guidelines decisions made during the original sentencing. *Id.* A defendant is eligible for a sentence reduction under § 3582(c)(2) when an amendment listed in U.S.S.G. § 1B1.10(d) lowers his guideline range that was calculated by the sentencing court prior to any departure or variance. U.S.S.G. § IBl.lO, comment, (n. 1(A)). A reduction is not authorized if the amendment is applicable but does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision, such as a statutory mandatory minimum term of imprisonment. *Id.*

Where a defendant is eligible for a reduced sentence under § 3582(c)(2), a court may not reduce the sentence to a term that is less than the minimum of the amended guideline range. U.S.S.G. § IB 1.10(b)(2)(A); *Dillon* v. *United States,* 560 U.S. 817, 827, 130 S. Ct. 2683, 2691-92,177 L. Ed 2d 271 (2010). However, if the initial term of imprisonment was less than the term of imprisonment provided by the guideline range pursuant to a government motion to reflect the defendant's substantial assistance, a reduction comparably less than the amended guideline range is authorized. U.S.S.G. § IB 1.10(b)(2)(B).

We have not addressed in a published opinion under what circumstances a

3

district court should grant a motion to reconsider in a criminal case. In civil cases, a motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment, including new arguments that could have been raised but were not. *Wilchombe* v. *TeeVee Toons, Inc.,* 555 F.3d 949, 957 (11th Cir. 2009).

The district court did not err by denying Gossett's motion for a sentence reduction because Amendment 782 did not lower his guideline range. Amendment 782 would reduce Gossett's base offense level from 36 to 34 and thus reduce his total offense level to 33, resulting in a guideline range of 135 to 168 months' imprisonment. *Bravo,* 203 F.3d at 780. Because this amended guideline range exceeds the statutory maximum penalty for a conspiracy conviction, the applicable guideline range would still be the statutory maximum penalty of 60 months' imprisonment. U.S.S.G. § 5Gl.l(a). Amendment 782 did not affect Gossett's guideline range, because his guideline range was determined by the statutory maximum penalty.     Therefore, the district court correctly determined that he was ineligible for a sentence reduction under § 3582(c)(2).

Gossett's reliance on U.S.S.G. § IB 1.10(b)(2)(B) is misplaced, because that provision only applies when a reduction in sentence is authorized. The extent of a sentence reduction is limited by § IB 1.10(b)(2)(A), to which § 1B1.10(b)(2)(B) provides an exception where a substantial assistance departure is granted. *Dillon,* 560 U.S. at 827, 130 S. Ct. at 2691-92. However, neither of those subsections

4

apply if the threshold requirement of § IB 1.10(a) is not met, which requires that the applicable guideline range was affected by a retroactive amendment. U.S.S.G. § lB1.10(a)(2)(B).

The district court correctly denied Gossett's motion to reconsider because, as explained above, its denial of his motion for a reduced sentence was correct. Moreover, his motion to reconsider did not raise any arguments that were unavailable at the time of his motion for a reduced sentence. *Wilchombe,* 555 F.3d at 957.

AFFIRMED.