[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11677
Non-Argument Calendar
_____

Agency No. 002396-10

CHRISTOPHER E. HUMINSKI,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S.Tax Court
_____

(February 15, 2017)

Before MARCUS, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Huminski, proceeding *pro se*, appeals from the U.S. Tax Court's denial of: (1) his "motion for leave to vacate" the Tax Court's November 2012 order accepting the Commissioner's deficiency calculations following Huminski's petition for a redetermination of tax deficiencies for tax years 2005 through 2008; and (2) his related motions for reconsideration thereof.[1]   On appeal, Huminski argues that the Tax Court construed his "motion for leave to file a motion to vacate" as a "motion to vacate," and this construction deprived him of access to the Tax Court, and precluded him from litigating his claim that the November 2012 judgment resulted from fraud on the court.  He asserts that he raised his fraud-on-the-court argument in his initial motion for reconsideration, but the Tax Court declined to consider it.  Finally, Huminski contends that the Tax Court's orders denying his motions for reconsideration contain insufficient factual or legal findings to allow appellate review.

We review the Tax Court's denial of a motion to vacate for abuse of discretion.  *Romano-Murphy v. C.I.R.*, 816 F.3d 707, 714 (11th Cir. 2016).  Likewise, we review the Tax Court's denial of leave to file a motion to vacate for abuse of discretion. *Davenport Recycling Associates v. C.I.R.*, 220 F.3d 1255, 1258 (11th Cir. 2000).  The Tax Court's denial of a motion for reconsideration is also

---

[1] Huminski's appeal in this case is related to his appeal in Case No. 16-12400, which concerns the U.S. Tax Court's orders: (1) granting the Commissioner's motion for summary judgment and sustaining its proposed levy to collect Huminski's unpaid tax liabilities for tax years 2005 through 2010; and (2) denying Huminski's related motion to vacate or revise.

reviewed for an abuse of discretion. *See Byrd's Estate v. C.I.R.*, 388 F.2d 223, 234 (5th Cir. 1967).  Accordingly, we will reverse the Tax Court's decision only if we are left with a "definite and firm conviction that the Tax Court committed a clear error of judgment in the conclusion it reached." *Id.*  We liberally construe briefs filed by *pro se* litigants. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  However, we may affirm the Tax Court's decision "on any ground that finds support in the record." *Long v. Commissioner of IRS*, 772 F.3d 670 (11th Cir. 2014).

The Internal Revenue Code provides that a decision of the Tax Court becomes final 90 days after entry if no party files a notice of appeal. 26 U.S.C. §§ 7481(a), 7488.  Additionally, Tax Court Rule 162 provides that a motion to vacate must be filed "within 30 days after the decision has been entered, unless the Court shall otherwise permit." Tax Ct. R. 162.  Thus, as a general rule, the Tax Court lacks jurisdiction to vacate a decision once it becomes final. *Davenport*, 220 F.3d at 1259.  However, there are certain narrowly circumscribed exceptions to this rule, and the Tax Court may vacate an otherwise final decision if the decision was procured by fraud on the court. *Id.* at 1259.   In the context of a motion to vacate a final Tax Court decision, "fraud upon the court" is narrowly construed and will only be found in those instances where an "unconscionable plan or scheme which is designed to improperly influence the court in its decision prevent[s] the

3

opposing party from fully and fairly presenting his case." *Id.* at 1262 (quotations and citation omitted).

Tax Court Rule 161 governs motions for reconsideration, which can be filed to challenge the Tax Court's opinion or findings of fact. Tax Ct. R. 161.  Outside the context of the Tax Court, we have held that a motion for reconsideration cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment.  *See Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (addressing a motion for reconsideration labeled as a Fed. R. Civ. P. 59(e) motion to alter the judgment); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (noting that this prohibition extends to "new arguments that were previously available, but not pressed"); Tax Ct. R. 1(b) (noting "[w]here in any instance there is no applicable rule of procedure, the Court . . . may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand").

Here, the Tax Court did not abuse its discretion by denying Huminski's "motion for leave to vacate judgment." *See Davenport,* 220 F.3d at 1258. Huminski's motion, filed nearly three years after the Tax Court's order sustaining

the Commissioner's deficiency determinations,[2] was both untimely under Tax Court Rule 162, and well beyond the date the November 2012 order became final. *See* 26 U.S.C. §§ 7481(a), 7488; Tax Ct. R. 162. Thus, although the Tax Court retained the authority to set aside the November 2012 order based upon fraud, it could only do so if Huminski demonstrated the existence of an unconscionable scheme designed to improperly influence the Tax Court and prevent him from fully and fairly presenting his case. *See Davenport*, 220 F.3d at 1262. Although Huminski asserted, without elaboration, that the November 2012 order was procured through fraud, he did not explain the alleged fraud, his delay in filing his "motion for leave to vacate," or how any purported fraud prevented him from presenting his case. *See id.* Accordingly, the Tax Court did not abuse its discretion by denying Huminski's motion, irrespective of whether it construed the motion as a "motion to vacate" or a "motion for leave to vacate." *See Romano-Murphy*, 816 F.3d at 714; *Davenport*, 220 F.3d at 1258.

Likewise, the Tax Court did not abuse its discretion by denying Huminski's motions for reconsideration. *See Byrd's Estate,* 388 F.2d at 234. In his first motion for reconsideration, Huminski argued, generally, that the IRS committed fraud on the court when it calculated his tax liabilities. However, in support of this contention, Huminski simply resurrected the arguments that he raised and then

---

[2] Huminski did not appeal the Tax Court's decision sustaining the Commissioner's deficiencies.

5

subsequently abandoned prior to the Tax Court's November 2012 order sustaining the Commissioner's deficiency determinations.  Accordingly, because a motion for reconsideration cannot be used to raise argument or present evidence that could have been raised previously, before the entry of judgment, Huminski was not entitled to reconsideration of the November 2012 order.  *See Michael Linet, Inc.*, 408 F.3d at 763.

Regardless, however, Huminski's underlying contention—that the November 2012 order was procured by fraud—is without merit. As noted previously, the Tax Court could only set aside the final order if Huminski demonstrated the existence of an unconscionable scheme designed to improperly influence the Tax Court and prevent him from fully and fairly presenting his case. *See Davenport*, 220 F.3d at 1262.  However, the grounds that Huminski identified in support of his fraud-on-the-court argument do not implicate his ability to "fully and fairly" present his case before the Tax Court. *See id.*  Indeed, Huminski actually presented his various "fraud" arguments—pertaining to the IRS's authority to challenge the correctness of a filed tax return or to impose an income tax on his occupation—to the Tax Court prior to the entry of the 2012 order he now seeks to vacate.  Accordingly, the Tax Court did not abuse its discretion by denying Huminski's motions for reconsideration.

6

Finally, Huminski's remaining argument—that the Tax Court's orders denying his motions for reconsideration contained insufficient factual or legal findings to allow appellate review—is unavailing.  Although the Tax Court denied Huminski's motions for reconsideration in a summary fashion, remand is not required because a complete understanding of the issues may be had without the aid of separate findings. *See Harris v. Thigpen*, 941 F.2d 1495, 1504 n.16 (11th Cir. 1991) (interpreting the requirement, from Fed. R. Civ. P. 52(a), that a district court must make findings of fact and conclusions of law in the record). Furthermore, even assuming, *arguendo*, that the Tax Court erred by failing to explain its reasoning, we may affirm "on any ground that finds support in the record." *Long*, 772 F.3d at 675.  As discussed previously, Huminski was not entitled to reconsideration of the Tax Court's order denying his "motion for leave to vacate" the November 2012 order, because the grounds he identified in support of his fraud-on-the-court argument do not implicate his ability to "fully and fairly" present his case before the Tax Court.

Accordingly, the Tax Court did not abuse its discretion by denying Huminski's motions for reconsideration and leave to vacate, and we affirm.

**AFFIRMED.**

7