[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15576
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-00684-BJR-SRW

TIMOTHY ANDREWS,

Plaintiff-Appellant,

versus

CITY OF HARTFORD,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 30, 2017)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Timothy Andrews appeals the dismissal of his complaint for failure to state a claim in his lawsuit alleging, <u>inter alia</u>, employment discrimination[1] by his former employer, the City of Hartford, Alabama ("the City").  He argues that the district court applied an outdated definition of disabled under the "regarded as" prong of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102.   The City responds that, even if the district court applied an incorrect definition, dismissal was proper because Andrews failed to plead any factual allegations to show that his disability was the reason for his termination.[2]  After careful review, we affirm.

## I.

We review <u>de novo</u> a dismissal for failure to state a claim upon which relief may be granted, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  <u>Leib v. Hillsborough Cnty. Pub. Transp. Comm'n</u>, 558 F.3d 1301, 1305 (11th Cir. 2009).   We may affirm the district court's decision "on any ground supported by the record, regardless of whether that ground was relied on or considered below."   <u>Evans v. Ga. Reg'l</u>

---

[1] Before the district court, Andrews also raised claims for failure to accommodate, retaliation, and intentional infliction of emotional distress, which the district court disposed of, and he does not challenge that on appeal.  On appeal, he also does not argue that the court erred when it found that he did not allege actual disability or a record of disability, or that the court should have allowed him to amend his complaint to cure the alleged defects.  Thus, these issues are abandoned. <u>See</u> <u>Sapuppo v. Allstate Floridian Ins. Co.</u>, 739 F.3d 678, 680 (11th Cir. 2014).

[2] We have considered, and rejected, the City's alternative argument that Andrews waived his "regarded as" argument before the district court or otherwise invited the error he now complains of on appeal.

Hosp., 850 F.3d 1248, 1253 (11th Cir. 2017). An appellant must clearly and specifically identify in his brief any issue he wants the appellate court to address, however, otherwise it will be deemed abandoned. Sapuppo, 739 F.3d at 680.

In a complaint, a plaintiff is required to provide a short and plain statement of the claim showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). While the complaint need not make detailed factual allegations, it must provide more than labels, conclusions, and formulaic recitations of the elements of the cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The factual allegations must be sufficient to raise the right to relief above the speculative level. Id. To meet this requirement, the plaintiff's factual allegations cannot simply be consistent with the defendant's liability; rather they must be sufficient to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Conclusory allegations do not "unlock the doors of discovery" for plaintiffs. Id. at 678-79. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

In the context of Title VII and Age Discrimination and Employment Act cases, the Supreme Court has held that a complaint asserting employment discrimination need not contain specific facts establishing a prima facie case under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green,

3

411 U.S. 792 (1973). Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-11 (2002) (quotation omitted). Rather, the complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 512 (quotation omitted). This is because McDonnell Douglas is an evidentiary standard, not a pleading standard. Id. at 510. The Supreme Court's later decision in Twombly did not alter this distinction. Twombly, 550 U.S. at 569-70.

Nonetheless, a complaint must allege sufficient facts to allow the court to draw the reasonable inference that the employer engaged in discrimination. See Iqbal, 556 U.S. at 678; see also Edwards v. Prime, Inc., 602 F.3d 1276, 1300 (11th Cir. 2010) (requiring an employee making a hostile-work-environment claim post-Iqbal to allege all five prima facie elements). In a different context, we've asked whether a complaint adequately stated the statutory elements necessary to recover, rather than the prima facie elements. See Hunt v. Aimco Properties, L.P., 814 F.3d 1213, 1221 (11th Cir. 2016) (Fair Housing Act discrimination claim); see also Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009) (noting that our review on a motion to dismiss is limited to the four corners of the complaint).

The ADA prohibits discrimination by an employer against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; . . . or (C) being regarded as having

4

such an impairment." 42 U.S.C. § 12102(1). To state a "regarded as" disability claim under the ADA, a plaintiff must allege, among other things, that he was "regarded as" disabled, he was a qualified individual, and that a "covered entity" discriminated against him "on account of" his disability. See id.; Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1246 (11th Cir. 2015). The plaintiff is not required to establish that his disability was the sole basis for his discrimination, but need only show that his disability was a determinative factor. Farley v. Nationwide Mutual Ins. Co., 197 F.3d 1322, 1334 (11th Cir. 1999).

Previously, the Supreme Court held that to be "regarded as" disabled under the ADA with respect to one's ability to work, an employer must perceive a person as being "unable to work in a broad class of jobs . . . . [O]ne must be precluded from more than one type of job, a specialized job, or a particular job of choice." Sutton v. United Air Lines, Inc., 527 U.S. 471, 491–92 (1999); see also Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1216 (11th Cir. 2004). Congress later amended the ADA, however, to abrogate Sutton and provide that a person would meet the "regarded as having such an impairment" prong of the definition if he shows that he has been subjected to an action prohibited by the ADA on the basis of an actual or perceived physical impairment, "whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).

5

The statutory definition of the "regarded as" prong set forth above became effective January 1, 2009, when Congress passed the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110–325, § 3, 122 Stat. 3553 (2008). When the "critical events" in a case occurred after the ADAAA went into effect, the court should apply post-ADAAA version of the ADA. Mazzeo v. Color Resolutions Intern., LLC, 746 F.3d 1264, 1267 (11th Cir. 2014).

Here, even if we assume that the district court should have concluded that Andrews was "regarded as" disabled under the ADAAA and that he was qualified for the position he was fired from, Andrews did not allege facts showing that the City engaged in discrimination, or that his disability was a determinative factor in the City's decision to terminate his employment. See Farley, 197 F.3d at 1334. Andrews's complaint alleged that his coworkers harassed him because of his diabetes, that the City failed to make accommodations to address the harassment, and that it then fired him in spite of his excellent job performance. However, neither the complaint, nor his original EEOC charge, alleged any plausible facts: (1) concerning the City official(s) who decided to fire him and why the(se) person(s) believed his diabetes significantly restricted him from one or more major life activities, including working; (2) showing how his diabetes, his use of a diabetic pump, or being "regarded as" having a disability was a "determinative factor" in the termination decision; or (3) otherwise giving rise to an inference of

6

disability discrimination.  He made only the conclusory statement that he was fired because of his disability, which was not sufficient to state a discrimination claim.  See Twombly, 550 U.S. at 555; see Iqbal, 556 U.S. at 678.  Thus, notwithstanding any legal error the district court may have committed concerning the definition of "regarded as," the district court did not err in concluding that Andrews's complaint did not sufficiently claim that he was fired on the basis of his disability.  We affirm the dismissal of Andrews's complaint.

**AFFIRMED**.