[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13345

Non-Argument Calendar

_____

ABDUL REHMAN FARRUKH,

Plaintiff-Appellant,

*versus*

UNIVERSITY OF SOUTH FLORIDA BOARD
OF TRUSTEES,
(USF),

Defendant-Appellee,

ANNETTE BLOISE,
et al.,

2                    Opinion of the Court                    21-13345

Defendants.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-00073-VMC-TGW

————————————

Before JILL PRYOR, BRANCH, and EDMONDSON, Circuit
Judges.

PER CURIAM:

Plaintiff Abdul Farrukh, now proceeding *pro se*,[1] appeals the
district court's dismissal -- for failure to state a claim pursuant to
Fed. R. Civ. P. 12(b)(6) -- of Plaintiff's counseled fifth amended
complaint.  In this civil action, Plaintiff purported to assert against
the University of South Florida Board of Trustees ("Board") claims
under Title VI of the Civil Rights Act of 1964 ("Title VI") for un-
lawful discrimination based on race and national origin and for un-
lawful retaliation.  Plaintiff also appeals the district court's denial of
Plaintiff's *pro se* second motion for reconsideration and for leave
to amend.  No reversible error has been shown; we affirm.

————————————

[1] We read liberally briefs filed by *pro se* litigants.  *See Timson v. Sampson*, 518
F.3d 870, 874 (11th Cir. 2008).  We also construe liberally *pro se* pleadings.  *See*
*Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## I.

This civil action arises from Plaintiff's enrollment as an undergraduate student at the University of South Florida ("USF"). Plaintiff describes himself as Asian and as a Pakistani national. Briefly stated, Plaintiff alleges that -- on several occasions between 2014 and 2019 -- USF employees and Board members discriminated against Plaintiff based on Plaintiff's race and national origin. Plaintiff also contends that USF employees retaliated unlawfully against him after Plaintiff complained about the alleged discriminatory conduct.

Plaintiff filed *pro se* this civil action in January 2020. The district court dismissed without prejudice Plaintiff's first and second amended complaints as impermissible shotgun pleadings. The district court granted Plaintiff leave to file a third amended complaint.

Plaintiff -- then through a lawyer -- filed a third amended complaint. Plaintiff asserted claims against the Board under Title VI for unlawful race and national-origin discrimination and claims under Florida law. The district court dismissed Plaintiff's third amended complaint as a shotgun pleading, noting that Plaintiff had failed to cure the deficiencies identified in Plaintiff's earlier pleadings. The district court later dismissed -- as a shotgun pleading -- Plaintiff's counseled fourth amended complaint.

On 19 March 2021, Plaintiff filed a fifth amended complaint with the assistance of his lawyer: the complaint pertinent to this appeal. Plaintiff attempted to assert claims for race and national-original discrimination and for retaliation under Title VI. Plaintiff also attempted to assert state-law claims for race discrimination, national-origin discrimination, retaliation, and for breach of contract.

On 27 May 2021, the district court dismissed with prejudice Plaintiff's fifth amended complaint. The district court dismissed Plaintiff's Title VI claims for failure to state a claim under Rule 12(b)(6). About Plaintiff's discrimination claim, the district court explained that Plaintiff failed to allege facts sufficient to establish discriminatory intent or to show that the Board treated Plaintiff differently from the way it treated non-Pakistani students in comparable circumstances. About Plaintiff's retaliation claim, the district court determined that Plaintiff failed to allege facts that showed that Plaintiff had engaged in protected activity or that showed a causal connection between protected activity and the alleged mistreatment. The district court dismissed Plaintiff's state-law claims for lack of jurisdiction, concluding that the Board -- as an arm of the State of Florida -- was immune to suit under the Eleventh Amendment.[2]

---

[2] In his appellate brief, Plaintiff raises no challenge to the district court's dismissal of Plaintiff's state-law claims based on Eleventh Amendment immunity; those claims are not before us on appeal.

21-13345                Opinion of the Court                    5

Plaintiff filed a counseled motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and 60(b)(1).  On 20 July 2021, the district court denied the motion and also denied Plaintiff leave to amend his complaint.

Plaintiff's lawyer withdrew from the case.  Plaintiff then filed *pro se* a second motion for reconsideration under Rule 60(b).  The district court denied Plaintiff's motion on 31 August 2021.  The district court also denied Plaintiff's request for leave to amend.  This appeal followed.

## II.

### A.

We first address the scope of our jurisdiction over this appeal.  The Board contends that we lack jurisdiction to consider the district court's order dismissing Plaintiff's fifth amended complaint because Plaintiff failed to file a timely notice of appeal designating that order.[3]  We disagree.

That "the timely filing of a notice of appeal is 'mandatory and jurisdictional'" is well established.  *See Pinion v. Dow Chem., U.S.A.*, 928 F.2d 1522, 1525 (11th Cir. 1991).  Here, we read Plaintiff's notice of appeal -- designating the district court's 31 August

---

[3] The Board also argues that Plaintiff has failed to notice sufficiently his intent to appeal the district court's 20 July 2021 denial of his first motion for reconsideration.  We agree.  Plaintiff's notice of appeal neither identifies the district court's 20 July order nor indicates an intent to appeal that order.  The district court's 20 July order is thus not properly before us on appeal.

2021 order denying Plaintiff's second Rule 60(b) motion for reconsideration -- as encompassing the district court's 27 May 2021 order dismissing Plaintiff's fifth amended complaint. *See* Fed. R. App. P. 3(c)(5)(B) ("In a civil case, a notice of appeal encompasses the final judgment . . . if the notice designates . . . an order described in Rule 4(a)(4)(A)); Fed. R. App. P. 4(a)(4)(A) (listing, among other things, an order disposing of a motion for relief under Rule 60).

In addition, Plaintiff's notice of appeal was timely filed for the district court's 27 May 2021 order. When -- as in this case -- the district court fails to enter a separate judgment pursuant to Fed. R. Civ. P. 58, the 30-day time to appeal begins after "150 days have run from" the order's entry in the civil docket. *See* Fed. R. App. P. 4(a)(1)(A), (a)(7); Fed. R. Civ. P. 58. Plaintiff's 29 September 2021 notice of appeal was filed well before the pertinent deadline.

In sum, we have jurisdiction to review both the district court's 27 May 2021 dismissal of Plaintiff's fifth amended complaint and the district court's 31 August 2021 order denying Plaintiff's motions for relief under Rule 60(b) and for leave to amend.

### B.

"We review *de novo* a district court's dismissal under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). We review for abuse of discretion both the denial of a motion for reconsideration and the denial of a motion

for leave to amend a pleading.  *See Blackburn v. Shire US Inc.*, 18 F.4th 1310, 1316 (11th Cir. 2021).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  To state a plausible claim for relief, a plaintiff must go beyond pleading merely the "sheer possibility" of unlawful activity by a defendant and must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In other words, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678.  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.* (quotations and alteration omitted); *see Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.").

Title VI "prohibits any recipient of federal financial assistance from discriminating on the basis of race, color, or national origin in any federally funded program."  *Burton v. City of Belle Glade*, 178 F.3d 1175, 1202 (11th Cir. 1999); 42 U.S.C. § 2000d.  To

state a claim under Title VI, "a plaintiff must establish discrimina-tory intent." *Burton*, 178 F.3d at 1202 (emphasis omitted).

Title VI's prohibition on racial discrimination is also con-strued as prohibiting retaliation for complaining about discrimina-tion. *See Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 178 (2005) (recognizing a cause of action for retaliation under Title IX); *Shotz v. City of Plantation*, 344 F.3d 1161, 1170 n.12 (11th Cir. 2003) (construing Titles VI and IX *in pari materia*).  To establish a *prima facie* case of retaliation, a plaintiff must show (1) that he engaged in statutorily protected expression; (2) that he was subjected to a materially adverse act; and (3) that a causal link existed between the two events.  *See Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (addressing a retaliation claim under Ti-tle VII).  "To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Shannon v. BellSouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002) (quotation omitted).

The district court determined properly that Plaintiff failed to state a claim for relief under Title VI.  Plaintiff failed to allege facts sufficient to allow a reasonable inference that the complained-of instances of mistreatment were motivated by an unlawful discrim-inatory intent.  Plaintiff's fifth amended complaint includes conclu-sory allegations that USF employees treated Plaintiff less favorably than they treated non-Pakistani students.  Plaintiff identifies no stu-dent who was treated more favorably than Plaintiff under

comparable circumstances.  Nor does Plaintiff allege factual details about the circumstances surrounding his alleged mistreatment or about the circumstances and treatment of other non-Pakistani students that would support a plausible inference that Plaintiff's mistreatment was motivated by Plaintiff's race or national origin.

Plaintiff's retaliation claim fails for the same reason.  In his fifth amended complaint, Plaintiff alleges generally that he complained about and "exposed" the discriminatory practices at USF. Absent factual allegations about the nature and timing of Plaintiff's complaints and to whom Plaintiff complained, these broad allegations are insufficient to demonstrate that Plaintiff engaged in protected activity.  Nor has Plaintiff alleged facts sufficient to support a reasonable inference that Plaintiff's mistreatment was causally linked to his purported protected activity.  Because Plaintiff has failed to state a plausible claim for relief under Title VI, the district court concluded properly that Plaintiff's Title VI claims were subject to dismissal under Rule 12(b)(6).

The district court abused no discretion in denying Plaintiff's *pro se* second Rule 60(b) motion for reconsideration.  In support of his Rule 60(b) motion, Plaintiff relied chiefly on materials Plaintiff contends are "newly discovered evidence" of an alleged scheme to coerce Plaintiff to become a spy for the United States.  These materials included USF policy manuals last amended in 2017 and in 2020 and a book published in 2017.  Because these materials already existed -- and could have been discovered by Plaintiff -- before Plaintiff filed his fifth amended complaint in March 2021, they

constitute no "newly discovered evidence" that might support reconsideration. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) ("A motion for reconsideration cannot be used to 'relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment.'").

The district court also acted within its discretion by denying Plaintiff's request for leave to amend his complaint. Plaintiff had already been provided five opportunities to amend his complaint -- both with and without the assistance of a lawyer -- and had failed repeatedly to cure the deficiencies in his pleading. Under the circumstances presented in this case, the district court determined reasonably that further amendment would be futile.

AFFIRMED.