[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11216

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRANDON ERWIN,
a.k.a. Brandon Irwin,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:06-cr-00039-JSM-SPF-1

_____

Before NEWSOM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Brandon Erwin, a federal prisoner proceeding with counsel, appeals the district court's denials of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and subsequent motion for reconsideration. On appeal, he argues first that compassionate release was warranted because he has health conditions—Tourette syndrome and high cholesterol—that diminish his ability to care for himself in home confinement. Second, he contends that the district court should have considered not only his actual place of confinement, but any place of confinement to which the Federal Bureau of Prisons could transfer him. Third, he asserts that United States Sentencing Guidelines § 1B1.13 applied to his defendant-initiated compassionate-release motion and that this Court should overturn our precedent to align with our sister circuits. Finally, he argues that § 3582(c)(1)(A) and § 1B1.13 of the Guidelines provide a specific sequence of inquiries that the district court failed to follow in adjudicating his compassionate-release motion.[1]

While we review *de novo* a defendant's eligibility for a sentence reduction pursuant to § 3582(c)(1)(A), we review the denial of a motion for compassionate release or for reconsideration for an

---

[1] We note that Erwin moves to submit an untimely reply brief. We grant the motion, without further discussion, to the extent that we have considered the reply brief that he attached to his motion.

abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911–12 (11th Cir. 2021) (motion for compassionate release); *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004) (motion to reconsider). A court abuses its discretion by applying the wrong legal standard, following incorrect procedures, making clearly erroneous factual findings, or clearly erring in its judgment. *Harris*, 989 F.3d at 911–12. A defendant cannot use a motion for reconsideration to present arguments or evidence that he could have previously submitted. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).

After considering each of Erwin's arguments, we affirm.

I

First, Erwin argues that compassionate release was warranted because his health conditions diminish his ability to care for himself in home confinement and that the district court should have held an evidentiary hearing before ruling otherwise.

A district court can modify a term of imprisonment if extraordinary reasons warrant the reduction and doing so comports with Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement here provides that, if the defendant is not dangerous, extraordinary reasons exist when he is suffering from (1) a serious physical or medical condition, (2) a serious functional or cognitive impairment, or (3) deteriorating physical or mental health because of the aging process; he is not expected to recover from the ailment; and the

ailment significantly diminishes his capacity to care for himself within the environment of a correctional facility. U.S.S.G. § 1B1.13, cmt. n.1(A). We held in *United States v. Bryant* that § 1B1.13 is binding on courts even when the defendant files the compassionate-release motion. 996 F.3d 1243, 1262 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583. Extraordinary reasons are limited to those listed in § 1B1.13. *Id.*

Here, the district court did not abuse its discretion by denying Erwin's compassionate-release motion or his motion for reconsideration. The court's opinion denying his motion for compassionate release was sufficiently detailed for our review. *See United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (affirming where court adopted government's response). Erwin did not assert that he was suffering from a serious condition or impairment that hindered his ability to care for himself until his motion for reconsideration, but he could not use that motion to raise arguments previously available to him. *See Wilchombe*, 555 F.3d at 957.

The district court was not required to grant Erwin an evidentiary hearing—which he did not request until his motion for reconsideration—and he has abandoned any argument concerning a hearing by failing to provide supporting arguments on appeal. *See United States v. Smith*, 967 F.3d 1196, 1204 n.5 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2538 (2021).

II

21-11216              Opinion of the Court                    5

Second, Erwin contends—for the first time on appeal—that the district court should have considered any place of confinement to which the Federal Bureau of Prisons could transfer him when assessing whether his medical condition significantly diminishes his capacity to care for himself.  U.S.S.G. § 1B1.13 cmt. n.1(A).

We generally review errors that were not raised in the district court for plain error, and the appellant must establish that there was a (1) plain (2) error (3) affecting his substantial rights. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018).  If he establishes each of those conditions, we have discretion to address an error not raised below if it substantially undermines judicial proceedings' fairness, integrity, or reputation.  *Id.* at 1905.

Here, the district court did not err by failing to interpret § 1B1.13 in the way that Erwin proposed because the court did not indicate that it based its decision on his home confinement.  Instead, it relied on the government's argument that Erwin didn't sufficiently allege a qualifying medical condition.  Erwin has not shown or argued plain error.  *See Rosales-Mireles*, 138 S. Ct. at 1904–05.

### III

Third, Erwin asserts that U.S.S.G. § 1B1.13 doesn't apply to a defendant-initiated compassionate-release motion and that this Court should overturn our precedent to align with our sister circuits.

Erwin's argument is barred by *Bryant*. *See Bryant*, 996 F.3d at 1262 (holding that § 1B1.13 is binding on courts even when the defendant files the compassionate-release motion). The district court was not required to consider extraordinary circumstances beyond those defined in § 1B1.13. *See id.*

This Court can revisit previous rulings, such as *Bryant*, only through a rehearing *en banc*. A petition for rehearing *en banc* must be clearly labelled as such. 11th Cir. R. 35-5. Erwin has not filed a petition for an *en banc* rehearing. Therefore, this Court continues to apply *Bryant* to this case.

## IV

Finally, Erwin argues that § 3582(c)(1)(A) and § 1B1.13 of the Guidelines provide a specific sequence of inquiries that the district court failed to follow in adjudicating his compassionate-release motion.

District courts need not analyze compassionate-release cases in a specific order. *United States v. Tinker*, 14 F.4th 1234, 1237–39 (11th Cir. 2021). If any necessary condition for compassionate release is not satisfied, a court does not commit reversible error by skipping consideration of a different requirement. *Id.* In *Giron*, we held that a court did not abuse its discretion by addressing only whether an extraordinary and compelling reason existed without addressing the defendant's dangerousness or the § 3553(a) sentencing factors. 15 F.4th at 1347–50.

The district court was not required to evaluate the requirements applicable to Erwin's motion for compassionate release in a specific order. *See Tinker*, 14 F.4th at 1237–38. Once it decided that he failed to show extraordinary circumstances, the district court was not required to consider the other compassionate-release requirements. *Giron*, 15 F.4th at 1347–50.

★ ★ ★

For the foregoing reasons, we hold (1) that the district court did not abuse its discretion by denying Erwin's compassionate-release motion or his motion for reconsideration; (2) that the district court did not err by failing to interpret § 1B1.13 in the way that Erwin proposed; (3) that the district court was not required to consider extraordinary circumstances beyond those defined in § 1B1.13; and (4) that the district court was not required to evaluate the requirements applicable to Erwin's motion for compassionate release in a specific order. Accordingly, the district court's judgment is affirmed.

**AFFIRMED**.